GEO. T. KEY, ET AL. *v.* HIRAM FIELDS.

[Abstract Kentucky Law Reporter, Vol. 7—686.]

**Probate of Will.**

> Before a will or instrument purporting to be a will can take effect or be received in evidence it must be duly proved and admitted to record in the proper office; and unless this is done the estate will descend and be distributed according to the laws of descent, and the recording of such an instrument by the clerk will not take the place of its probate.

APPEAL FROM OWSLEY CIRCUIT COURT.

March 30, 1886.

OPINION BY JUDGE LEWIS:

Before an instrument can take effect or be received in evidence as the will of a deceased person it must be duly proved and admitted to record in the proper office, and unless this is done his estate will descend and be distributed in the mode provided by statute. There is no evidence in the case showing, or from which we are authorized to infer, that either of the two papers purporting to be the will and codicil of Louisa Burns, deceased, was probated in the county court.

The certificate of the clerk of the county court is to the effect that the instrument purporting to be the will of Louisa Burns was filed at the May term, 1880, of the Owsley County Court, and after laying over one month for probate was ordered to record, and that the same with his (the clerk's) certificate is duly recorded in his office. His certificate appended to the paper purporting to be a codicil shows that it was filed at the July term, 1880, of the county court, and ordered to lay over for one month for exceptions, and after having layed over for one month was duly recorded in his office.

There is an entire absence of evidence, or even suggestion, that either paper was proved in the county court, or attempted to be proved as the last will of Mrs. Burns. On the contrary, the inference to be drawn from the clerk's certificate is that each paper, having been on file one month, was admitted to record without being proved. Nor do appellants show in any other way that the papers were ever probated as the will of Mrs. Burns. We therefore think

the lower court correctly adjudged that the papers have never been legally probated, and are of no binding force or effect whatever.

Consequently the estate of the decedent is subject to an equal division and distribution amongst all her children. We do not understand that the lower court directed the administrator to divide the land. But the judgment simply ascertains and determines the rights and interests of the parties to this action, as the record stands, leaving the land to be divided or sold, and the proceeds divided, as may hereafter be determined, and also reserving to the court the power to hereafter enforce a distribution of the personal estate.

Judgment *affirmed.*

*H. C. Lilly, for appellants.*

*John Rodman, for appellee.*

[Cited, *Leslie v. Maxey,* 23 Ky. L. 2437, 67 S. W. 839.]

