ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY
v. GEORGE W. WILLEY.

No. 9303.

1. NEGLIGENCE — *damages not natural and probable result of injury must be specially pleaded.* Loss of memory and impaired mental constitution are not the natural or probable results of mere bodily injuries negligently inflicted by one person upon another; and before recovery therefor, as items of damage resulting from such injuries, can be had, they must be specially pleaded.

2. ——— *whether permitting obstruction of view at highway-crossing is, question for jury.* The allowance by a railroad company of a hedge and grove of trees upon its right of way at a country highway-crossing, of sufficient height and density to obstruct the view and prevent the hearing of trains by travelers upon such highway, whereby injuries result to them from such trains at such crossing, cannot, as matter of law, be charged as negligence, but such question of negligence must be left to the jury for determination as a question of fact. [DOSTER, C. J., dissenting.]

*Error from Sumner District Court.*
*Hon. James A. Ray, Judge.*

REVERSED AND REMANDED.    OPINION FILED MARCH 6, 1897.

*A. A. Hurd* and *Stambaugh & Hurd,* for plaintiff in error.

*C. J. Garver* and *W. W. Schwinn,* for defendant in error.

DOSTER, C. J.   The defendant in error, plaintiff below, sued for damages resulting from bodily injuries, caused, as he says, by the defendant's negligent maintenance of obstructions to sight and hearing at a public road crossing, and by its failure to signal the approach of its train to such crossing, as required by law.   The evidence showed that he was traveling in a wagon along the public highway and nearing the defendant's track, and that his view of the direction of the approaching train was obstructed by a grove of trees and a line of hedge, extending from the adjacent lands to the defendant's right-of-way, and to within about 26 feet of the track.   The jury found, in answer to special interrogatories, that the hedge and grove of trees in question constituted such an obstruction as to prevent the plaintiff from seeing the approaching train ; and also found that he looked in the proper direction, but was unable to see the track or train because of such obstruction ; and also found that he was unable to hear the approaching train because of the lack of noise in its movement and of the noise of the wind in the trees of the grove.   The locomotive collided with his wagon and team, throwing him to the ground, breaking the bones of one of his legs, and also one of his arms, and making large and severe flesh wounds on one of his shoulders, and also making, using the language of his petition, "large contused wounds and gashes on his head," from all of which injuries, as he says, "he was for a long time confined to his room, and for two months of such time confined to his bed, and has, during all such time endured, and does still endure, a great deal of pain and suffering on account of said injuries."   The petition contains no statement of injurious consequences to his mental faculties or mental health because of

any of the hurts received. The place where the accident occurred was on the level, open prairie of Sumner County, distant two miles or more from Belle Plaine, the nearest station. The court below, over the objections of the plaintiff in error, received evidence of impaired memory and weakened mental condition resulting from the injuries received, and instructed the jury, against the defendant's objection and exception, that damages might be allowed for " the injury to his memory and mental faculties, if it be found that he suffered such." The reception of this evidence and the giving of this instruction constitute error. A party is entitled to recover for all consequences which are the natural and probable result of injuries negligently inflicted upon him by another — that is, for those consequences which the common experience of men justify us in believing will result from an in-jury, the extent and character of which are known — without specially alleging them as grounds of recovery. Any result following an injury, but beyond the usual and natural consequences flowing therefrom, must be specially alleged, so as to apprise the opposing party of an intention to claim damages therefor. We may well conclude that, in consequence of the severe injuries which plaintiff received, he would suffer much physical pain, would be lamed, and disfigured in person ; but it is not according to the common experience of men that such injuries result in mental infirmities. If, however, they do, the injured person may well claim damages therefor ; but, being beyond the range of natural and probable consequences, they must be specially alleged.

1. Damages specially pleaded, when.

It is quite questionable, also, whether the instruction of the Court authorizing the jury to take into ac-

·count, as elements of damage, the diminution of the plaintiff's powers and capabilities of enjoying social life, and the embarrassment and mortification suffered by him on account of the crippled and disfigured condition of his person, resulting from his injuries, was not erroneous for the same reason ; they not having been specially alleged.

In respect to the maintenance of the hedge and grove on the defendant's right of way, as obstructions to the view of travelers on the public road, the Court instructed the jury, in three separate paragraphs, as follows :

"If you believe from the evidence that the defendant had growing upon the right of way of its railroad a hedge and trees and shrubs, so as to prevent a person, coming up to said track for the purpose of crossing it, from seeing a train approaching on said track, and was keeping and maintaining said right of way in that condition after having knowledge or reasonable means of knowledge of its condition, then you will be justified in finding that the defendant was guilty of negligence in permitting said right of way to remain in that condition.    And if you believe from the evidence that the plaintiff, on approaching the crossing of the railroad track, exercised ordinary prudence and care in attempting to cross said track, and was prevented from seeing the approach of defendant's train by reason of said hedge, trees and undergrowth, and the plaintiff's injury was occasioned by the fact that he failed to see said train on account of said trees, hedge and undergrowth, then your finding should be for the plaintiff.

"It is the duty of a railroad company, operating a line of railroad on which it runs trains of cars by locomotive engines, to keep its right of way — that is, a space 50 feet wide on either side of the center of its line of railroad — free and clear from any growth of trees, shrubs or hedges, which will obstruct the view of a traveler on a public highway desiring to cross

the railroad track ; and if you find from the evidence in this case that there was a growth of trees and undergrowth and a hedge, on the right of way of the defendant, which obstructed the view of the plaintiff and which prevented him from seeing the approach of the defendant's train until it was too late to avoid a collision, then your finding should be for the plaintiff, unless you find that the plaintiff was guilty of such negligence or want of care as occasioned the accident.

"If you believe from the evidence that the witnesses, W. H. Willey and Geo. Willey, exercised ordinary care and prudence in attempting to cross the defendant's railroad track, and acted, in going up to and attempting to cross said railroad track, with such caution and care as an ordinarily prudent man would exercise under like circumstances ; and you further find that the servants of the defendant failed to sound the locomotive whistle 80 rods from the crossing, or that the defendant permitted a growth of trees and undergrowth and hedge to stand upon its right of way so as to obstruct the view of said witnesses and to prevent them from seeing the approaching train, and that their view was prevented by such trees and undergrowth and hedge, and the accident was caused either by the failure of the servants of the defendant to sound the locomotive whistle, or by reason of said trees and undergrowth and hedge obstructing the view of said witnesses, then your finding must be for the plaintiff."

The giving of these instructions likewise constitutes error. In the cases of *C. R. I. & P. Rly. Co. v. Williams*, 56 Kan. 333, and *C. R. I. & P. Rly. Co. v. Hinds*, id. 758, it was held that the question whether the maintenance upon a railroad right of way of obstructions to the sight of passing or crossing travelers is negligence, is a question of fact for the jury, and not of law for the court. In the case under consideration, it will be

2. Obstruction of view at crossing, question for jury.

Opinion of the Court.

observed that the court below declared the law to be, without qualification, that the maintenance by the company of the hedge and growth upon its right of way, if of sufficient height and density to obstruct the view from the highway, was negligence as to the plaintiff, if injured because thereof. This instruction cannot be upheld.

The above are the views of the majority of this Court, but not of the writer hereof. The general doctrine that negligence is a question of fact for the jury and not of law for the court, is conceded; but it is also true that, where the facts are admitted, or proved beyond dispute, and but one deduction can be drawn from them, the case presents a question of law for the court. *K. P. Rly. Co. v. Pointer*, 14 Kan. 38, 53. To my mind, this case falls within the doctrine last stated. The allowance upon the right of way of the grove and hedge in question was absolutely unnecessary to any conceivable purpose of the Company; and it admitted the fact by cutting the same down soon after the accident in question. This obstruction to a view of the railroad track and approaching trains was a source of daily danger to passing travelers, to the lives of the Company's passengers and employes, and to the safety of its own property interests. If proved to be of sufficient height, and density, and closeness to the track to obstruct the view from the highway, every element of disputed fact is removed from the field of controversy. There remains, therefore, but a single question: Was the maintenance of such obstruction, subserving no possible use to the Company, negligence in law? In my judgment it was. The courts of Illinois have so held. *C. & E. I. R. R. Co. v. Tilton*, 26 Ill. App. 362–366; *I. & St. L. R. R. Co. v. Hillman*, 72 Ill. 235, 239; *I. & St. L. R. R. Co. v. Smith*, 78 id. 112;

*Dimmick v. C. & N. W. R. R. Co.*, 80 id. 338; *P. P. & J. R. R. Co. v. Sillman*, 88 id. 529.

It is also very questionable to my mind whether it was not the duty of the plaintiff below, being unable, because of his obstructed view, to see whether a train was approaching, or to hear its approach because of the noise of the wind in the trees, to stop, before driving so close to the track, and assure himself of safety ; and whether his failure to do so should not, as a matter of law, be adjudged contributory negligence ; but this view has likewise been precluded by the case of *C. R. I. & P. R. R. Co. v. Hinds*, supra, and like preceding ones. Regard for one's own personal safety, and that of others to whom he may stand in dangerous relations, requires the exercise of diligence and caution ; and the policy of the law should be to impose penalties upon the negligent injurer, and likewise to withhold relief from the negligent sufferer.

Many other claims of error are urged. None of them, however, impress us as substantial or prejudicial ; but because of the two above ruled upon the judgment must be reversed and a new trial awarded.

JOHNSTON and ALLEN, JJ., concurring.