CASE 44.—ACTION BY EMMA C. GAUGH AGAINST THE LOUISVILLE RAILWAY COMPANY AND OTHERS FOR DAMAGES FOR PERSONAL INJURIES.—April 22, 1909.

# Louisville Ry. Co. v. Gaugh

133   467
f134    23
d134   464

Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division.)

MATT O'DOHERTY, Judge.

Judgment for plaintiff, defendant appeals.—Reversed.

1.  Damages—Pleading—Issues, Proof, and Variance.—In an action against a street railroad company to recover for injuries received while crossing defendant's track, evidence that plaintiff's sense of hearing had been injured was not admissible under a complaint charging injury to her head, except, perhaps, for the purpose of showing the extent of the injury to her head, not as a cause for which damages could be allowed.

2.   Damages—Pleading—Personal Injuries.—In personal injury cases, plaintiff should so describe his injuries that defendant from an inspection of the pleading may have reasonable notice of the injuries for which a recovery will be sought.

3.  · Street  Railroads—Actions  for  Injuries—Evidence—Admissibility of Company's Rules.—In an action for injuries by being struck by defendant's car while crossing its track, the rules of the company regulating its employes in the operation of its cars are not admissible in evidence, as the question of negligence of defendant's employes can not be tested by the manner in which they have followed the company's rules, but such negligence must be tested by the rules of law.

4.   Street Railroads—Action for Injuries—Instructions—Contributory Negligence.—Plaintiff was injured while attempting to cross a street railroad track by being struck by a car and being thrown in front of a car going in the opposite direction. The court instructed as to the care required of the operators of the cars, as well as by plaintiff, and gave an instruction defining "contributory negligence" that would defeat a recovery. Held, that the court should also have instructed that if plaintiff, after she saw the car approaching, undertook to cross the track so close to the car that the motorman in charge of it could not, by the exercise of ordinary care with the means at his command, stop the car or check its speed in time to avoid striking plaintiff, and that plaintiff, after being struck, fell in front of the other car so close to the same that the motorman in charge could not, by the exercise of ordinary care with the means at his command, prevent striking plaintiff, then the law is for the defendant, unless the jury believe that the inability of the motorman in charge of either of the cars  to stop the cars was due to the unusual, dangerous, or reckless speed at which said cars or either of them were running at the time.

FAIRLEIGH, STRAUS & FARLEIGH, DAVID W. BAIRD and HOWARD B. LEE for appellants.

POINTS AND AUTHORITIES.

1. The verdict is not sustained by sufficient testimony.   The testimony is overwhelming and conclusive as to appellee's contributory negligence. .

2. The court erred in permitting the appellee to testify that her hearing on the left side had been totally destroyed by the injuries she received in the collision with the cars, and in permitting proof of such injury to go to the jury as a basis of assessment of damages. (Louisville Ry. Co. v. Ellerhorst, Ky. L. R., Vol. 33, No. 5, page 605; L. & N. R. R. Co. v. Richmond, 23 Ky. L. R. 2395; Geoghegan v. Railway Co., 64 N. Y. Supp. 631; Kleiner v. Third Avenue N. Y. Railway Co.,  162  N. Y. 193;  International Great Northern Ry. Co. v. Thompson, 37 S. W. 24; Wilkins v. Nassau Newspaper Delivery Express Co., 90 N. Y. Supp. 678; L. & N. R. Co. v. Roney, et al., S. W. R., Vol. 108, No. 2, 343; Newman on Pleadings, page 438.)

Louisville Ry. Co. v. Gaugh.

3. The court erred in permitting proof of rules of the companies regulating and governing their employes in the operation and control of their cars over the objection of the appellants, because said rules were not competent and tended to confuse the minds of the jury. (Maxwell v. Esom, 1 Stew. (Alabama), 514; Alabama Great Southern v. Clark, 136 Ala. 450; Central, etc., Co. v. Skellie, 90 Ga. 694; McKernan v. Detroit, etc., R. Co. (Mich.), 68 L. R. A. 347; Fonda v. St. Paul City R. Co., 71 Minn. 438; Smithson v. Chicago, etc., R. Co., 71 Minn. 216; Isackson v. Duluth St. R. Co., 75 Minn. 27; O'Keefe v. Eighth Ave. R. Co., 53 N. Y. Supp. 940; Philadelphia & Reading R. Co. v. Spearen, 47 Pa. St., page 300; 88 Am. Dec. 544.)

4. The court erred in the instructions given upon its own motion as to the law of this case, as presented by the issues made by the pleadings and the testimony. (Gaar, etc. v. Louisville Railway Co., 112 Southwestern, 1130.)

5. The court erred in refusing to give instruction B offered by the appellants, because said instruction presented the real theory of the defense in this case, and the court gave no instruction presenting said theory. (Louisville Railway Co. v. Frank Byers' Adm'r.)

B. H. YOUNG, GREGORY & McHENRY for appellee.

1. The verdict is sustained by sufficient evidence and the weight of the testimony does not justify the charge of contributory negligence.

2. The court did not err in permitting appellee to testify that the hearing on the left side of her head had been destroyed in the collision with the cars.

3. The court did not err in permitting rules of the companies regulating and governing their employes in the operation and control of their cars to go to the jury.

4. The court did not err to the prejudice of appellants in instructions given, upon its motion, as to the law of the case presented by the issues made by the pleadings and the testimony.

5. The court did not err in refusing to give instruction "B" offered by the appellant.

AUTHORITIES CITED.

Ill Cent. Ry. Co. v. Murphy's Adm'r, 30 Ky. L. R. 93; L. & N. R. R. Co. v. Richmond, 23 Ky. L. R. 2394; Louisville Ry. Co. v. Ellenhorst, 33 Ky. L. R. 605; Louisville Ry. Co. v. Hodges, 31 Ky. L. R. 976; Louisville City Ry. Co. v. Hudgins, 30 Ky. L. R. 316; Louisville Ry. Co. v. Byers, 113 S. W. 463.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The appellant railway company has two tracks on Payne street in the city of Louisville, at the point where it intersects with Spring street. At the time

appellee was injured, the interurban car that runs from La Grange to Louisville was going west into the city on one of the tracks of the railway company under an. arrangement with that company, and a Crescent Hill car of the railway company was coming east on the other track. The appellee, who was on Spring street at its intersection with Payne street, desiring to take the Crescent Hill car, found it necessary to cross the two tracks at Spring street, so that she might be at that corner at which the Crescent Hill car stopped to take on passengers. As she was in the act of crossing the tracks, she was struck by the west-bound. interurban car and knocked in front of the east-bound Crescent Hill car, and as a result was severely injured. The negligence complained of consisted in the fact that the cars at the time they struck appellee were running at a high rate of speed, and that no gong was sounded or bell rung or notice given of the approach of either of them to the crossing. The petition further avers that she was greatly injured in her "head, sides, hips, shoulders, breast, back, limbs, and internally." Upon the trial of the case before a jury, a substantial verdict was returned in favor of appellee against both the companies. Of a judgment entered upon this verdict they complain and ask a reversal: (1) Because the verdict is not sustained by sufficient testimony and establishes conclusively that appellee's contributory negligence brought about the accident and injuries . resulting therefrom; (2) because the court erred in permitting appellee to testify that her hearing on the left side had been destroyed by the injury she received in the collision with the cars (3) for error in permitting the rules of the company regulating and governing their

Louisville Ry. Co. v. Gaugh.

employes in the operation and control of the cars to be read in evidence and (4) for error in giving and refusing instructions.

In respect to the first assignment of error, it is sufficient to say that, although the evidence was very conflicting, there was sufficient to take the case to the jury, and we are not prepared to say that the verdict was so flagrantly against the evidence as to authorize a reversal upon this ground. Further comment upon the evidence would not be proper in view of the fact that there will probably be a retrial of the case.

During the examination of appellee, she was permitted, over the objection of counsel for appellant, to state that her hearing was partially destroyed as a result of the injuries she sustained. The point is made that this evidence was incompetent because outside of, or at least not embraced by, the injuries described in the petition. The averments of the petition describing the injuries received by appellee covered every part of her person, including her head; and the argument is made that, under the allegation that her head was injured, appellee had the right to recover for injury, not only to the head strictly speaking, but to any of the organs of sense located in the head, as to illustrate, seeing or hearing. A charge that a person has received injuries on or about the head will ordinarily only convey notice to the adverse party that a recovery will be sought for injuries to the head as that part of the body is ordinarily understood in speaking of it. The sense of hearing, as well as the sense of sight, is located in the head; but, if a person should say that his head was injured, it would scarcely convey information that his hearing was diminished or his eyesight impaired. The purpose of a pleading

is to give notice to the adverse party of the grounds upon which a recovery will be sought against him, and in personal injury cases the plaintiff should so describe his injuries as that the defendant, from an inspection of the pleading, may have reasonable notice of the injuries for which a recovery will be sought, and thus be prepared to meet the evidence tendered by the plaintiff in support of his pleading. It is true that, if the pleading is indefinite or obscure, the defendant may move the court to require the plaintiff to make the allegations more specific; but the duty of preparing the petition in such a manner that it will inform the defendant with reasonable certainty concerning the injuries received is upon the plaintiff. The pleader is supposed to be informed with reference to the injury his client has sustained. or, at any rate, he can readily obtain this information; and so it would seem that justice to the adverse party requires that the petition in cases of personal injury should set out with reasonable certainty the particular injuries received. We do not hold that it is necessary to specify with minute particularity all the injuries for which a recovery will be asked, but only that the petition shall give to the defendant reasonable information touching the injuries complained of for which damages will be sought and concerning which evidence will be offered. In many cases remote or consequential injuries may follow from the direct blow or wound received and be directly traceable to it, and yet it could not be said that they were the natural or probable result of the injury. To illustrate, rheumatism might follow an injury to the leg, and as a consequence of the injury; but we should say that, if it was sought to recover damages on ac-

count of the rheumatism, the pleader should specify it. And so loss of memory might result from an injury to the head, but it could not well be said that this misfortune was a reasonable or natural sequence of the injury. In short, without attempting, except in this general way, to formulate any rule, we may say the plaintiff can introduce evidence concerning and recover damages not only for the specific injury complained of, but for such other injuries as might reasonably and naturally be presumed to result from it without pointing out such injuries; but, unless the resultant injuries are such as would reasonably and naturally be presumed to follow the injury specified a recovery cannot be had for them.

Although there is a wide difference in the opinions of the courts of last resort touching the question under consideration, the views we have presented are in accord with the rulings of this court upon similar questions as found in Louisville Railway Co. v. Ellerhorst, 110 S. W. 823; L. & N. R. R. Co. v. Roney, 108 S. W. 343; and L. & N. R. R. Co. v. Richmond, 67 S. W. 25, 23 R. 2394. And, also, in Atchison Ry. Co. v. Willey, 57 Kan. 764, 48 Pac. 25; Montgomery v. Lansing City R. Co., 103 Mich. 46, 61 N. W. 543, 29 L. R. A. 287.

It should further be said, as illustrated in the cases mentioned, that "where specific injuries are sued for, any external symptoms which are evidence of the injury may properly be admitted, for it is only by the external symptoms that an internal injury may be judged;" but, when evidence is offered to show that injuries described in the petition have manifested themselves in symptoms not described in the pleading, the court should instruct the jury that the testi-

mony relating to the symptoms not pointed out is admitted only as evidence of the injuries described. It follows from this that the court should have excluded the evidence offered to show that appellee's hearing was impaired; or, if it was permitted to be introduced, should have instructed the jury that the testimony concerning her hearing was only admitted for the purpose of showing the extent of the injury to her head, and not as a cause for which damages could be allowed.

In permitting the rules of the company regulating and governing its employes in the operation and control of cars to be read to the jury, over the objection of appellants, the court in our opinion erred. The care employes of companies must exercise in the operation of cars, so far as the general public is concerned, is to be determined by the principles of law, and not by the rules adopted by the company for the guidance of its employes. The measure of the company's duty to appellee was not to be judged by any rule of the company, but by the rules established by this court, in the absence of a statute, regulating the care that the persons in charge of a car must exercise to prevent injury to passengers or persons upon the street. If the rules adopted by the company imposed a less degree of care upon employes than the law exacted, the company could not shield itself from liability upon the ground that the rules it established were being obeyed when the accident complained of occurred and so, if the rules of the company imposed a higher degree of care than the law demanded, the measure of the company's responsibility would be tested, not by its rules, but by the law. The appellee did not, so far as this record shows, know anything

about the rules of the company.  So far as she was concerned, it was wholly immaterial whether any rules had been adopted or not.  Not being in the service of the company, she had no right and was under no duty to depend upon the rules for protection.  C. & O. Ry. Co. v. Barnes (Ky.) 117 S. W. 261. Whether the employes violated or observed them did not in any wise affect or change the liability of the company, or lessen or increase its duty or responsibility to appellee.  Nor did their observance or nonobservance of the rules relieve appellee of the duty she was under to exercise care for her own safety.  It would therefore seem clear that the rules had no place in the case.  They did not explain or illustrate any phase that was relevant or pertinent to the issue being tried. Fonda v. St. Paul City R. Co., 71 Minn. 438, 74 N. W. 166, 70 Am. St. Rep. 341; Alabama Great Southern R. Co. v. Clark, 136 Ala. 450, 34 South. 917.

The next error complained of is in respect to the giving and refusing of instructions.  The instructions given did not conform to those directed to be given in this class of cases in Louisville Ry. Co. v. Gaar (Ky.) 112 S. W. 1130, and Louisville Ry. Co. v. Byer's Adm'x (Ky.) 113 S. W. 463, and for this reason are open to the objections urged against them. The defense of the company was that appellee came upon the track of the interurban car so suddenly and so close to the approaching car that it was impossible for the motorman to stop the car or slacken its speed in time to avoid striking her, and that she was thrown in front of the other car too near to it to prevent injury.  The trial court gave the usual instructions as to the care necessary to be exercised by the operators of the cars, as well as the appellee, and also

one defining correctly the ''contributory negligence'' upon the part of appellee that would defeat a recov- ery, but declined to give an instruction presenting the view that if appellee, after she saw the car approach- ing, undertook to cross the track so close to the car that the motorman in charge of it could not by ex- ercise of ordinary care and the means at his command stop the car or check its speed in time to avoid strik- ing the plaintiff, they should find for the defendant. The facts of this case are almost identical with the facts of the Byer Case, and the court should have given an instruction similar to that approved in the Byer Case; in other words, the court should have told the jury that: ''If they believed from the evidence that plaintiff, after she saw the interurban car ap- proaching, undertook to cross the track in front of it, and so close to the front end of the approaching car that the motorman in charge of the same could not, after discovering her peril, by the exercise of ordi- nary care and the means at his command, stop the car or check its speed in time to avoid striking her, and further believe from the evidence that the plain- tiff, after being struck by said car, fell in front of the other car, so close to the same that the motorman in charge of said car could not by the exercise of ordi- nary care and the means at his command prevent striking or running upon the plaintiff, then the law is for both of the defendants, and the jury should so find, unless they believe from the evidence that the inability, if any, of the motorman in charge of either of the cars to stop the cars, was due to the unusual, or dangerous, or reckless speed at which said cars, or either of them, were running at the time.'' And so, the other instructions should be modified to conform to the views expressed in the Gaar Case.

The judgment is reversed, with directions for a new trial in conformity with this opinion.