CASE 4.—ACTION BY JAMES E. BENNETTE AGAINST THE CINCINNATI, NEW ORLEANS & TEXAS PACIFIC RAILWAY COMPANY FOR DAMAGES FOR PERSONAL INJURIES.—May 19, 1909.

## Cin. N. O. & T. P. Ry. Co. v Bennette

Appeal from Grant Circuit Court.

J. W. CAMMACK, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Reversed.

1. Damages—Personal Injuries—Evidence—"Internal injuries."— In an action by an employe for injuries, the complainant, after alleging injuries to the head, the hips, and knee and shoulder, the small of his back and kidneys, alleged that "he suffered other internal injuries not yet fully ascertained and determined." Held, that the evidence was not admissible of injuries to a testicle where such injury was the principle one he suffered, and was immediately known, and the suffering

caused by the injury was protracted, as "internal injuries" are those sustained in the body or trunk, and not to other independent or separate orgäns.

2. Trial—Reception of Evidence—Objections—Repetition.—In an action by an employe to recover for injuries, where defendant objects to his testimony as to a particular injury, and such objection was overruled and an exception noted, it was not necessary for defendant to repeat the objection every time the same question was propounded to another witness or evidence tending to sustain the point covered by the objection was offered.

A. G. DEJARNETT & JOHN GALVIN attorneys for appellants.

### AUTHORITIES CITED.

Civil Code, Sub-secs. 4, 5 and 6, of Sec. 340; C., N. O. & T. P. Ry. Co. v. Holcomb, 25 Rep., 1444; L. & N. R. R. Co. v. Daniel, 28, Rep. 1148, 31 R. 944; Jaggard on Torts (Hornback Series), Vol. 1, page 390; 61 Mo. 359, 87 Mich. 509, and 92 Mich. 197; Campbell v. Cook (Texas), 24 S. W. 977; Carson v. Clark, 36 Pac. 178; Babcock v. Ry. Co., 30 N. W. 449; Chitty on Pleading, Vol. 1, 396.

O. S. HOGAN and CLORE, DICKERSON & CLAYTON for appellee.

### AUTHORITIES CITED.

C. O. & S. W. R. R. Co. v. Bell, 6 Ky. Law Rep. 219; Southern Ry. in Ky. v. Scanlon's Adm'r., 32 Ky. Law Rep. 38.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

Appellee was in the service of appellant as a locomotive engineer. He was injured in a collision between his train and another near Mason station on March 1, 1908. He brought this suit for damages. In the petition he thus sets out his injuries: "As a result of said negligence, the plaintiff's engine collided with the engine of the northbound train at a point about one-half mile south of said Mason station with great force and violence, and thereby caused him to receive two severe cuts on the right side of the

head, another cut across the left hip; that his right hip, knee, and shoulder were severely strained and wrenched, and that the small of his back in the region of his kidneys was also severely strained, wrenched, and twisted, and his kidneys thereby so injured as to cause him great pain, and so as to impair his health, and that he suffered other internal injuries, not yet fully ascertained and determined, which have given him great pain and mental anguish for a period of one month, and has lost at least 30 days' time from his vocation as engineer, for which he was receiving about $4 per day, in all $147 for loss of time; that he was thereby damaged by reason of said personal injuries and pain suffered $1,800, and for loss of time from his vocation $147, in all $1,947.'' Upon an issue joined the plaintiff offered and was permitted by the trial court to testify at the trial and to prove by another witness, Dr. Menifee, a physician who had recently examined him, that the plaintiff had sustained an injury to one of his testicles; that it was mashed or bruised so that it caused him great pain, and incapacitated him from following his calling of locomotive engineer. Appellant objected to this evidence when it was offered, but its objection was overruled, and it excepted at the time. The verdict was for the plaintiff for $1,000. The other injuries to the plaintiff were not very severe, and did not impair his earning capacity for many days' time. But, if he sustained this last-named injury in that accident, and if it was as severe as he and his physician say it is, then he was disabled from work as a locomotive engineer for many months, and was not recovered when this case was tried in the fall of 1908.

It is contended by appellee that "other internal injuries" alleged in the petition embraces an injury to the testicle. Plaintiff attempted to set out in detail and with particularity the injuries which he had sustained in that collision. Some of them were of minor importance. That he did not intend to include the one alleged to have been inflicted upon his testicle is reasonably certain. Its nature, according to his testimony, was such that it was immediately known. The pain caused by it was intense. The suffering from it was protracted, and that injury the most severe and persistent of all that he had sustained. Yet in his petition in alleging particular injuries he did not mention this one; and in the clause referring to "other internal injuries" he described them as being "not fully ascertained or determined." This suit was filed six weeks after the injury. Whether or not it was then "determined" what the extent of that injury was, it is evident that the injury was "ascertained." If the plaintiff had this particular injury in mind when the petition was drafted, then the language employed to describe his hurts was just the opposite to that office which a pleading is expected to perform, namely, to apprise the adversary "with reasonable notice of the injuries for which a recovery will be sought, and thus be prepared to meet the evidence tendered by the plaintiff in support of his pleading." The natural effect of such pleading as this would be to throw the adversary off guard as to an injury of this character. To then spring it on the trial is a surprise which ordinary prudence could not forestall. The allegation "internal injuries" has reference to injuries sustained in the body or trunk, and not to other independent or separate members or organs. The latest utterance of this court with refer-

ence to this character of pleading was in the case of Louisville Railway Co. v. Gaugh (opinion delivered April 22d, at this term) 118 S. W. 276. There the allegation of injury contained in the petition was that the plaintiff was injured "in the head, sides, hips, shoulders, breast, back, limbs, and internally." On the trial the plaintiff was permitted, over objection, to testify that her hearing in the left side had been destroyed by the injury for which she had sued. This court said: "The averments of the petition describing the injuries received by appellee covered every part of her person, including her head. * * * A charge that a person had received injuries on or about his head will ordinarily only convey notice to the adverse party that a recovery will be sought for injuries to the head as that part of the body is understood in speaking of it." It was held accordingly that the allegation did not embrace the particular injury attempted to be proved; that the sense of hearing, though located in the head, is commonly regarded as a thing independent, as is the eyesight, and the like, and that a general allegation of injury to the head does not apprise a defendant that the plaintiff will offer to prove loss of hearing as the result of the injury. Under our Code good pleading is to make plain the essential facts intended to be relied on at the trial by the pleader. Obscure and ambiguous allegations are consequently resolved against the pleader. A party need come prepared to meet only that which is clearly charged against him. Surprises springing from artful and dubious phraseology cannot aid the administration of justice.

Appellee contends, also, that the judgment should not be reversed upon this ground because the testimony of Dr. Menifee was not objected to. When

objection is once made, and overruled, as to a line of examination, it is not necessary to repeat it whenever it recurs. It may be assumed that the court will adhere to the ruling, and, indeed, that he does so in fact as well as in effect until the ruling is withdrawn. When the defendant's objection to the testimony of the plaintiff as to the particular injury now being considered was overruled, and its exception noted, it was not necessary for the defendant to repeat the objection every time the same question was propounded to another witness or evidence tending to sustain the point covered by the objection was offered.

For the error indicated, the judgment is reversed, and cause remanded for a new trial under proceedings not inconsistent herewith.