## Hall, et al. v. Hall, et al.

(Decided April 24, 1913).

### Appeal from Floyd Circuit Court.

1. Deeds—When Deed of Child Void.—A deed made by a child during the lifetime of his father conveying the child's interest in the father's estate, is void and passes nothing to the purchaser.
2. Deeds—Recognition of Child's Deed in Will of Father—Instructions.—When such a deed is recognized in the father's will, the deed may be read in evidence on a contest of the will, and the court should instruct the jury as to the effect of the deed.
3. Wills—Contest of—Proceedings in County Court Not Admissible in Evidence.—On a trial in the circuit court of a will contest, the proceedings in the county court should not be given in evidence as the case is tried de novo, and the judgment of the county court is not to be considered by the jury.
4. Wills—Burden—Shifting of Burden.—On a trial of a will case, the burden is on the propounders to establish the due execution of the will, and when they do this the burden shifts to the contestants to show undue influence or want of capacity, and the propounders may in rebuttal introduce their evidence to show capacity and the want of undue influence; but such evidence for the propounders should not be divided and part given in chief and part in rebuttal.
5. Wills—Instructions.—The instructions in a will contest given in Wood v. Rigg, 152 Ky., 242, are approved.

HAZELRIGG & HAZELRIGG, F. A. HOPKINS and JOHN C. HOPKINS, JR., for appellants.

JAMES GOBLE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

W. R. Hall died a resident of Floyd County, Kentucky, on February 24, 1911, eighty-six years of age. He left surviving him eleven children. His wife had died some years before, and after his wife's death, he lived for a while with his different children going from the home of one to another. But for a number of years before his death, he lived with his son, Lee Hall. While living with his son, Lee Hall, when he was seventy-eight years old in the year 1903, he made his will, and to this he added a codicil in the year 1909, six years afterward. After his death, Lee Hall offered the papers for probate in the county court, and they being admitted to probate in that court, the other children appealed to the circuit court. In the circuit court the case was tried before a jury who found the papers to be the last will of the decedent, and the circuit court having entered judgment upon the verdict, the contestants appeal.

The will and codicil are in these words:

"In the name of God Amen. I, W. R. Hall (Sr.) of the County and State aforesaid being the age of (78) seventy-eight years and of sound mind, feel disposed to make my last testamental will, as follows: I devise to my daughter, Rebecca Little ($100) One Hundred Dollars more money than she made deed for, for her interest in my estate.

"I devise to my daughter Nancy Hatfield ($100) One Hundred Dollars more than she made deed for, for her interest in my estate.

"I devise that my son, B. F. Hall, has already had of my estate what I intended for him.

"I devise to my son, James D. Hall, ($75) Seventy Five Dollars more money than he made deed for to his interest in my estate.

"I devise that my son Morgan has heretofore had his equal part of my estate.

"I devise that the heirs of my son John L. Hall deceased to have ($200) Two Hundred Dollars more money than they got for their interest in my estate, and one hundred dollars of said money to be paid to my son W. R. Hall. I devise that this ($100) One Hundred Dollars above mentioned is all I intend for my son W. R. Hall.

"I devise to my daughter Liza Hall, whereabouts unknown, that if she ever comes back she is to have ($500) Five Hundred Dollars of my estate. If it should happen

that Liza Hall, my daughter should not return and her only daughter should return, I devise her to have ($250) Two Hundred and Fifty Dollars of said ($500) said money to be paid by my son Lee Hall. I devise that my son Joseph Hall to have the eleventh part of my estate. I devise that my son Lewis Hall's heirs to have one tenth of my estate. I devise that my son Lee Hall to his equal part of my estate. I devise if any of said heirs mentioned has made improvements on any lands I have I want them to have a reasonable recompense for same. I devise after all if my son Lee Hall takes care of me and my horse to have the balance of my estate at my death if he and family treats me all right.

"This April 17, 1903. In testimony whereof I have hereto set my hand and seal.

his<br>
W. R. x HALL.<br>
mark

Witness,
D. B. GIBSON,
ANDREW HAMILTON.

"Whereas, I, W. R. Hall, Sr., of Dewey, Floyd County, Kentucky, having made and duly executed my last will and testament of date April the 17, 1903. Now I declare this present writing to be a codicil to my said will of the above date and direct the same to be amended thereto and taken as part thereof. I hereby bequeath unto Mrs. Ella Mellen, (late Hall), daughter of Lewis Hall, dec., one-third (1-3) of the estate I bequeathed to Lewis Hall's heirs in my will above named. Also whereas my grand daughters, Josie Clark and Lucinda Gearheart, daughter of Lewis Hall, dec., having sold their undivided interest in said estate to my son Lee Hall, and received pay for same, I now bequeath to Lee Hall, my son, the balance (2-3) interest of the estate named in my last will to Lewis Hall, dec., heirs. In testimony whereof I have hereunto set my hand and affix my seal to same.

This March 3, 1909.
Witness, WM. AKERS, WM. HUNNEYCUTT.

his<br>
W. R. x HALL, SR."<br>
mark

The decedent left an estate worth about $25,000; and under the will and codicil nearly all of it goes to Lee Hall, who is a lawyer and also a merchant. The other children, or many of them, appear to be persons of little education and in moderate circumstances. On January 25, 1896, Becky Little and her husband in consideration of $100 conveyed to Lee Hall all of her interest in W. R. Hall's estate "both personal property and real estate all they now or hereafter may have." On April 25, 1896, Nancy Hatfield and her husband made a similar deed for the same consideration. On March 3, 1897, James D. Hall and wife made a similar deed in consideration of $125. On April 18, 1899, Morgan Hall and wife made a similar deed in consideration of $125. On January 9, 1896, Ben Hall made a similar deed in consideration of the sum of $107. On October 9, 1903, Josie Hall made a similar deed in consideration of $100. On March 1, 1909, Lucinda Gearheart and her husband made a similar deed in consideration of $100. The circuit court over the objections of the contestants allowed these deeds to be read on the trial of the will contest, to which they excepted, and he refused an instruction which they asked at the conclusion of the trial telling the jury that the above deeds being made in the life time of W. R. Hall are not binding upon the grantors. Of this they also complain.

It will be observed that these deeds are referred to in the will, and that the testator gives each of these children a sum of money in addition to the consideration they received for the deed for their interest in his estate. It will also be observed that two of the deeds were made after the will was written, and that the codicil was written to cover these deeds. If the court had not allowed the deeds to be read in evidence, the meaning of the will could not have been understood, and without the deeds the jury might well have inferred that a fraud was perpetrated upon the decedent, and that he had been made to believe that deeds had been executed which had not in fact been made. Under the peculiar language of the will in this case the deeds were competent as evidence to explain the will. But the court should have instructed the jury that they were invalid and passed no title to the interests of the grantors in the decedent's estate. In Wheeler v.

Wheeler, 2 Met., 474, where this question was presented, we said:

"It is essential to the validity of every executed contract of bargain and sale that there should be a thing or subject matter to be contracted for. And if it appear that the subject matter of the contract was not, and could not have been, in *esse* at the time of such contract, the contract itself is of no effect, and may be disregarded by either party. The thing sold must have an actual or potential existence. A hope or expectation of means founded on a right in being may be the subject of a sale, because in such case there is a potential existence. But a mere possibility or contingency, not founded upon a right or coupled with an interest, cannot be.

"The attempt to give validity to the contract by averring assent and concurrence on the part of the father, though plausible, is unavailing. Such assent did not divest him of any right to the property, and, of course, conferred none upon Charles. He still had the right to dispose of it as he pleased, without regard to Charles' wishes or contract."

This case was followed and approved in Whitehead v. Root, 2 Met., 587; McCall v. Hampton, 98 Ky., 169; Speers v. Spaw, 118 S. W., 276; Elliott v. Leslie, 124 Ky., 556. While there is some conflict in the authorities in other States, the rule has been so often declared in this State that it is now not open to question. When the court allowed the deeds to be given in evidence, and refused the instruction which the contestants asked as to their validity, the jury might well have concluded, and no doubt did conclude, that the contestants had little ground of complaint, as they had sold and conveyed all their interest in the estate. The ruling of the court was therefore prejudicial to their substantial rights.

Lee Hall was first introduced as a witness in his behalf, then the two subscribing witnesses were introduced. The contestants then introduced their testimony, after which the propounders of the will were allowed to introduce a number of witnesses in rebuttal to show that the testator was of sufficient capacity and that undue influence was not exercised over him. The contestants objected to this evidence being introduced on the ground that the plaintiff had gone into his whole case in chief. The rule in will cases is that the burden of proof is upon

the propounders. The propounders make out their case when they introduce the subscribing witnesses, prove by them the proper execution of the will, that the testator was then of sound mind and read the will. The contestants should then introduce their evidence to show incapacity or undue influence and the propounders may in rebuttal introduce their testimony to show capacity and the want of undue influence. (Milton v. Hunter, 13 Bush, 169; Flood v. Pragoff, 79 Ky., 611; Watson v. Warnock, 5 R., 520; King v. King, 19 R., 868; Folks v. Folks, 107 Ky., 571). On another trial the evidence will be introduced in the order indicated as the propounders should not be allowed to introduce part of their proof before the contestants and part after them.

The court allowed the proceedings in the county court to be read to the jury, and these proceedings were referred to in the instructions of the court to the jury. On an appeal in a will case the trial is *de novo* and the proceedings in the county court should not be read to the jury, as the jury are to decide the case from the evidence before them and not from the judgment of the county court which is entitled to no weight on the jury trial.

On another trial of the case the court will instruct the jury as set out in the opinion in Wood v. Rigg, 152 Ky., 242, the first instruction given in that case being modified so as to make it apply both to the will and the codicil. By an additional instruction the court will tell the jury that if they believe from the evidence that at the time of the execution of the paper dated April 17, 1903, the said W. R. Hall was not of sound mind, or that the execution of said paper was procured by undue influence, they will find said paper not to be his will; or if they believe from the evidence that at the time of the execution of the paper dated March 3, 1909, the said W. R. Hall was not of sound mind or that the execution of said paper was procured by undue influence, they will find said paper not to be his will or a codicil thereto.

By another instruction the court will tell the jury that the deeds read in evidence from contestants to Lee Hall for their interest in their father's estate were void, and vested in him no right to any part of their interest in the estate; but that, although these deeds were invalid, W. R. Hall had power to dispose of his property as he saw fit, unless he was not of sound mind when he executed the

paper or its execution was procured by undue influence.

Judgment reversed and cause remanded for a new trial.