## City of Hazard v. Combs.

(Decided Feb. 24, 1933.)

FAULKNER & FAULKNER, CLARK PRATT and F. J. EVER-SOLE for appellant.

GEORGE E. SAUFLEY and JOHN W. CAMPBELL for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The city of Hazard has appealed from a $1,000 judgment recovered against it by Mrs. Alma Combs, aged 52, for personal injuries alleged to have been sustained by her, as a result of the negligent operation of a truck used by the city in connection with its waterworks.

On December 22, 1930, a truck belonging to the city, then being driven east on one of the streets of Hazard by Wm. Allen, one of its employees, collided with a Pontiac sedan, driven by Ray Dale, which came from the south into the pathway of the truck from an intersecting street to Allen's right. By the collision the truck was knocked or caused to carom to the north or to the left of its pathway, and to strike a Ford truck parked on the north side of the street, driving it to the east and against Mrs. Combs, who was then crossing the street, so that she was caused to fall across the hood of the Ford truck, and from that position to fall beside it.

On March 24, 1931, Mrs. Combs sued the city, Dora Dale, the owner of the Pontiac sedan, and Ray Dale, the driver thereof. In her petition she alleges she was struck upon and about the arms, legs, head, and body, and so frightened and shocked that her nervous system has become greatly and permanently injured and impaired, and that the said injuries to her arms, legs, head, and body are permanent injuries.

Upon the trial had February 3, 1932, Mrs. Combs testified about the collision, and about the Ford truck being driven against her and knocking her down; that some skin was knocked off of one of her legs which she treated by putting some mercurochrome upon it when she got home; and that is the last she or any one else says about any of the injuries mentioned in her petition. She was then asked about her menstruation, and, over the objection of the defendant city, she was allowed to testify as follows:

"I began to chill and I began to menstruate, and I had to go to bed, and stay in bed about two weeks,

I couldn't sleep any, I was so sore for about two weeks I couldn't hardly get out of bed of a morning. I menstruated about two weeks and I got better and then in two weeks I began to menstruate again, and I have been that way ever since every two or three weeks. I can't lift anything, don't do my work like I used to."

Defendant complained of the admission of this evidence, in its motion for a new trial, and relies upon that for reversal here. The evidence should not have been admitted under the petition as it was. See Louisville Ry. Co. v. Gaugh, 133 Ky. 467, 118 S. W. 276; Cincinnati, N. O. & T. P. Ry. Co. v. Bennette, 134 Ky. 19, 119 S. W. 181; Louisville & N. R. Co. v. Henry, 167 Ky. 151, 180 S. W. 74; Louisville & N. R. Co. v. Roney, 108 S. W. 343, 32 Ky. Law Rep. 1326.

A plaintiff should set out his cause of action in plain and concise language, so as to apprise the defendant of what he relies on and intends or expects to prove, and in his evidence should not be allowed to so materially depart therefrom as to take the defendant unawares.

Our attention is called to numerous other alleged errors, but they appear to be such as may not recur, and we reserve our judgment as to them.

Judgment reversed.