## Howard v. Howard.

(Decided May 14, 1937.)

E. N. INGRAM for appellant.

GOLDEN & LAY for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

The appellant, Emma Howard, is the widow of Henry Howard, deceased. The record does not disclose whether the appellee, Noah Howard, is related to the decedent or not. Henry Howard left a will providing:

"I, Henry Howard, of Cary, Ky. I will half of my estate to Noah Howard and the other half to my wife, Emma Howard.

"This 15th day of August, 1933.

"Henry Howard.

"Witness:

"N. Polly

"J. C. Howard."

According to the record before us, the following writing was entered on the order book of the Bell county court on May 14, 1935:

"In re: Estate of Henry Howard, deceased:

"Came this day Emma Howard, widow of Henry Howard, deceased and produced the will of Henry Howard, deceased, dated 15th day of August, 1933, with W. Polly and J. C. Howard, subscribing witnesses thereto, whereupon the said Walter Polly and J. C. Howard, said subscribing witnesses first being duly sworn testified that the said will was signed by the said Henry Howard, deceased at the date mentioned, to wit: August 15th, 1933, in the presence of said subscribing witness W. Polly (Walter Polly) and J. C. Howard in the presence of said Henry Howard and in the presence of each other and was at the time of the said signing by the said Henry Howard, deceased by the said Henry Howard [acknowledged] to be his last will and testament and subscribed as such."

This is the only order, if it may be called an order, appearing in the record to have been entered by the Bell county court. It is stated in briefs that the appellant was appointed administratrix with the will annexed, but there is nothing in the record to indicate that this is true.

In February, 1936, the appellant widow undertook to appeal from the alleged order intended to establish the will of her late husband. She named the appellee, Noah Howard, the only other beneficiary under the will, as the sole defendant in that proceeding. Noah Howard filed a motion to dismiss the appeal on the ground that the widow by producing the will in the county court had estopped herself from prosecuting an appeal from the order of probate. It being the duty of a person having custody of a will to produce it (Ky. Stats., secs. 1226, 4853), there could, of course, be no estoppel against appellant under the circumstances, assuming that she had an in-

terest to be furthered by the appeal. It is difficult, however, to see what interest she might have in a contest. Compare Murphy's Ex'r v. Murphy, 65 S. W. 165, 23 Ky. Law Rep. 1460; Egbert v. Egbert, 186 Ky. 486, 217 S. W. 365. The trial court dismissed the appeal, although the record does not show the basis for this action on its part. Possibly, he may have considered that appellant was estopped to contest the will because of having qualified as administratrix cum testamento annexo, thereunder. Frank's Adm'r v. Bates, 265 Ky. 634, 97 S. W. (2d) 549. Be that as it may, it seems to us that the action of the trial court was a proper one for the conclusive reason that the will so far as this record shows has never properly been admitted to probate. The order of the county court quoted above does nothing but recite what transpired at a meeting of the county court of Bell county on May 14, 1935. It adjudicates nothing and orders nothing. The probate of a will is a judicial proceeding to establish the legal status of the purported will and to furnish the means of establishing by record evidence the validity of rights existing thereunder. In re George Payne's Will, 20 Ky. (4 T. B. Mon.) 422; Page on Wills (2d Ed.) sec. 520; Simpson v. Anderson, 305 Ill. 172, 137 N. E. 88. The mere hearing of proofs in regard to the execution of a will, without deciding anything, in no way can be said to constitute the probate thereof. The instrument must be allowed and admitted to record. Ky. Stats., sec. 4852. This is a judicial act involving the determination not only of the steps necessary for formal execution, but also the credibility of the witnesses and, possibly, the capacity of the testator. The recital in the certificate by the clerk that the will has been recorded in his office does not establish that it was ever admitted to probate. Leslie v. Maxey, 67 S. W. 839, 23 Ky. Law Rep. 2435; Key v. Fields, 7 Ky. Law Rep. 686, 13 Ky. Opin. 1030. It is apparent, therefore, that the proceedings from which this appeal is sought to be prosecuted were abortive and that the trial court did not err in the action taken, whatever may have been its reasons therefor.

Judgment affirmed.