## Ramsey et al. v. Howard et al.

Feb. 3, 1942.

E. B. Wilson and James M. Gilbert both for appellants.

Golden & Lay for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

This is a contest of the will of Henry Howard, late of Bell County. The dismissal of an abortive appeal from a defective order of probate was affirmed in Howard v. Howard, 268 Ky. 552, 105 S. W. (2d) 630. The county court cured the defect by a nunc pro tunc order and this contest followed. The probated instrument devised all the estate to testator's widow, Emma Howard, and his brother, Noah Howard, equally. The decedent's heirs are several brothers and sisters and many nieces and nephews. The contest was filed against the devisees and another brother, who refused to join in the contest, by two brothers and two sisters, who were permitted by order of court to prosecute it for all the heirs. The verdict and judgment sustained the will. Several reasons are submitted for reversing the judgment. It is not necessary to consider the contention that the verdict is flagrantly against the evidence.

1. The pleading filed by the contestants is styled, "Petition on appeal from order of probate." It charges that the instrument is not the last will and testament of Henry Howard because it was not executed in the manner required by the statute, but was in fact "prepared after the death of Henry Howard, the purported testator," who it is alleged died intestate. The pleading continues: "The plaintiffs state that if they be mistaken as to the facts alleged in the next preceding paragraph, then they say that said will is not the last will and testament of said Henry Howard," because of mental incapacity and undue influence. On motion of the contestees, the court required the contestants to elect "which of the two alleged causes of action they will prosecute." Ex-

cepting to the ruling of the court, they elected to rely upon the ground of forgery. This is submitted as a reason for reversing the judgment.

2. The propounders read the purported will from the pleadings to the witnesses they presented to establish the instrument. Neither the original nor an attested copy was offered. The contestants argue they were entitled to a peremptory instruction to the jury to find the paper not to be the last will of Henry Howard, because it was necessary that the original instrument be probated; or, if lost, proof of such fact and its true contents proved. It was developed during the course of the trial that the instrument had been lost after having been probated in the county court and recorded. The contestants' evidence on this point is to the effect that Noah Howard was the last person seen with it. This he vigorously denied.

3. The propounders not only presented evidence of a proper execution of the instrument, but went further and had Noah Howard relate the circumstances surrounding its execution and the reasons his brother gave for disposing of his property as described in the paper. Another brother, John Howard, who witnessed the will, as he testified, was also asked concerning the particulars of its execution. Then the contestants presented their evidence to show that the paper was a forgery. Contestees again took up the case in rebuttal. The contestants, as appellants here, argue that having in the beginning gone into the issue of the contest, the contestees should have completed their evidence at that time and the court should not have let them introduce it piece-meal. The appellees endeavor to sustain the practice. The appellants' contention is supported by Hall v. Hall, 153 Ky. 379, 155 S. W. 755. It is sufficient response for the court to say the contestants entered no objection at the time and it is too late to raise the question here.

A bit of background is helpful to the understanding and interpretation of the statutes relating to procedure in a will contest, or at least to an appreciation of its generality and simplicity.

Anciently there were two modes of proving a will in the proper court of probate. One was known as "in the common form," and the other "in the solemn form." The first was an ex parte, summary proceeding, followed

to prevent injurious delay to creditors and others. It was had without summoning interested parties and without contest—like our customary present procedure in the county court. Such probate was good and binding until the recorded instrument had been contested by a trial in a more effectual mode. That could be had at any time within thirty years. It was the "solemn form." On such a trial any interested person could require the executor to prove the will in a conclusive way upon citation of all persons concerned. The previous probate was waived and it was required that the will be established as if it had never been recorded. The Legislature of Kentucky in 1797 as a substitute for the English practice provided for the "solemn form" of proving the will in the circuit court, although it was not so called. Any interested person could within seven years after probate in a county court "by a bill in chancery contest the validity of the will." The issue whether the writing produced was the last will of the testator or not was tried by a jury and binding on all concerned. Construing that statute in the light of its history, this court, in Rogers v. Thomas, 1 B. Mon. 390, 40 Ky. 390, held that the case in the circuit court was tried de novo, so there must have been proved every fact which the law required to be proved in order to authorize the probate of a will in the county court; but any fact admitted by the pleadings was excepted. The burden was upon the propounders of the will even on an issue or ground of contest charged in the bill of chancery. It was reasoned:

"A negation of any or of all of these facts by the complainant, in an affirmative form, cannot change the legal attitude of the parties on the trial; for, in whatever form he may dispute a fact indispensable to probate, he thereby denies or fails to admit it, and of course, it must be proved by the other party. Thus, if the complainant allege that the paper was not legally published as a will, he would not thereby assume on himself the burthen of proving that negative affirmation in the first instance. The effect of such an allegation would only be a denial of publication, and a requisition of sufficient proof of it."

It was held that the proceeding was "not to impeach the probate, but to 'contest' the validity of the will as it might have been contested in the first instance, in the County Court" in the same way. Concerning the extent

of the pleading, it was stated that a general affirmation on the one side that the paper was not the decedent's last will and a denial on the other would be conformable with the statute rather than would be a more restrictive issue embracing only controverted facts, the decision of which would determine the same ultimate question. But as the statute did not prescribe the form of the issue, it was indicated that there could be a special issue or restricted ground of contest to which the evidence would relate—other incidents of a good will being admitted.

In 1851, Acts of 1850-1851, p. 227, that procedure was superseded in the enactment of a comprehensive statute dealing with wills and their probate. That act in substantially the same form in all of its particulars has been carried along through the past ninety years into our present statute. Section 4824 et seq., Kentucky Statutes. By that statute the contest of a will which has been probated in the county court is more simple than by a bill in chancery. It is merely this:

> "An appeal may be taken from the county court to the circuit court of the same county, and thence to the court of appeals, from every judgment admitting a will to record or rejecting it." Section 4850, Kentucky Statutes.

No form of appeal and no particular proceeding is stipulated. Lisle v. Couchman, 146 Ky. 345, 142 S. W. 1023. We have recognized as sufficient the filing of a transcript of the proceedings (Williams' Ex'r v. Williams, 90 Ky. 28, 13 S. W. 250) or of a certified copy of the judgment of the county court. Clevenger v. Stewart, 215 Ky. 432, 284 S. W. 1106. See Section 724, Civil Code of Practice. Ordinarily the practice is to file a statement or petition of appeal as was done in this case. That is certainly the better practice in order that the grounds of contest may be disclosed and the proper parties may be summoned.

The historical development of this statute makes it sure that there is no restriction upon the number or upon the character of grounds which may be presented by a contestant. The contest of a will is a special proceeding in rem. The terms of Section 113, paragraph 4, of the Civil Code of Practice, relating to inconsistent pleadings, do not apply. We may say, however, that if they did, in the instant case the contestant pleaded the two allega-

tions of fact alternatively and that is permitted by the Code provision. Therefore, it was prejudicial error to require an election as between the ground of forgery and the grounds of mental incapacity and undue influence.

We consider the second point made for a reversal of the judgment, namely, that the contestants were entitled to a peremptory instruction because the propounders did not present the original will or even a copy thereof, which, it is argued, is a prerequisite to probate. It is to be borne in mind that the issue on the trial in the circuit court is not whether the instrument should be probated and put to record—which is the exclusive province of the county court—but whether the instrument which has already been probated is in fact the will of the decedent. Only the question of validity is involved—validity of the form of execution on the one side; validity of the paper or competency of the testator on the other. It is sufficient for a prima facie establishment of the instrument as a will, if it is consistent and rational, for the propounders to prove its execution in the manner prescribed by the statute. They may then rest their case. Hall v. Hall, 153 Ky. 379, 155 S. W. 755; Leary v. Leary, 203 Ky. 344, 262 S. W. 293. There is a presumption of mental capacity and of freedom of will—not because of the probate in the county court but because all persons are presumed to be normal. Since the propriety of its probate is not involved, it is not necessary that the original instrument be presented. Obviously, the will should be read to the court and to the jury. Leary v. Leary, supra. It was read in the trial of this case from the pleadings and no question was made of that fact or of its accuracy. Of course, where the genuineness of the signature is questioned, the identical paper is a very important item of evidence. It is much better practice in every case that the original or an attested copy of the instrument be produced, but the contestants were not entitled to a directed verdict on the ground that the original paper was not presented in the circuit court.

The judgment is reversed for the error stated.