**Rosetta HALL et al., Appellants,**

**v.**

**Arthur Lee CHILDRESS et al., Appellees.**

Court of Appeals of Kentucky.

July 2, 1965.

Wilbur Fields, Louisville, for appellants.

J. Earl Dearing, Charles J. Lunderman, Jr., Louisville, for appellees.

DAVIS, Commissioner.

Appellants are contesting the will of the late Sarah C. Hampton. The circuit court directed a verdict upholding the will; the appellants assail that judgment in two respects: (1) The court should have directed a verdict against the will since the original will was not presented in the circuit court trial, and (2) there was sufficient evidence to submit to the jury whether appellee Childress had exercised undue influence upon the testatrix.

The testatrix was a widow, 69 years of age, when she died on June 28, 1962, a resident of Jefferson County. The principal beneficiary of her will and the real contestee here is the appellee Arthur Childress, who was 29 years old when the testatrix died and who had been her paramour for two or three years before her death.

The husband of the testatrix had died in 1955; testatrix had no children. She owned three parcels of real estate at the time of her death; these are designated as 2408, 2422, and 2426 West Chestnut Street, Louisville. By the terms of the challenged will the property at 2422 West Chestnut Street is devised to Arthur Childress for life with remainder to two nephews and a cousin of the testatrix. The will directs the executor to sell the property at 2408 West Chestnut Street and divide the sale proceeds among five kinsmen of the testatrix (some of whom are appellants and some are appellees). The property at 2426 West Chestnut is devised to appellant Rosetta Hall (sister of testatrix) for her lifetime, with the provision that it shall be sold at the end of the life estate. The will directs that the proceeds of the sale of the latter property be distributed $2,000 to Sarah Flowers, an appellee cousin of testatrix, and $7,000 to appellee Arthur Childress. Presumably any excess would fall into the residuum of the estate. A bequest of $200 is made to a church; a diamond cluster ring is specially bequeathed to Childress, but the will directs that all other jewelry owned by testatrix is to be sold, and concludes by devising the entire residue of the estate to Arthur Childress.

The will was admitted to probate by order of the Jefferson County Court on July 12, 1962. Appellees Childress and Dearing qualified as co-executors of the estate. On May 27, 1963, the appellants filed in the Jefferson Circuit Court their appeal from the probate order of July 12, 1962, "on the grounds that said document is not the last will and testament of Sarah C. Hampton." The appeal complaint did not specify

whether the will was challenged for improper execution, inadequate mental capacity of the testatrix, or because undue influence had been exerted upon her. With the appeal complaint filed in the circuit court the contestants filed a certified copy of the order of probate, but did not file the original challenged will or any copy of it.

When the case came on for trial the contestees introduced the two witnesses who had witnessed the will; they gave evidence that testatrix had signed the will in their presence and that they had subscribed it as testamentary witnesses in her presence and in the presence of each other. KRS 394.040. The original will was not presented in evidence, but a photostatic copy of it was introduced; the photostatic copy bears the rubber-stamped legend: "A Copy, Attest, James Hallahan, Clerk by V. Zion, D. C." The attestation is dated "8–20–62." The signature of "V. Zion" and the figures "8–20–62" are in original script and not rubber stamped.

■ Appellants earnestly insist that failure of contestees to present the original will entitles contestants to a peremptory instruction invalidating the will. We do not agree. The decision of this court in Ramsey v. Howard, 289 Ky. 389, 158 S.W. 2d 981, is dispositive of the point. Moreover, contestants filed the certified copy of the probate order reflecting that the purported will had been admitted to probate and duly recorded. No issue was presented about the existence of the paper as the will. The fact that one attesting witness recalled that he had read the will to the testatrix vis-a-vis the evidence from the other attesting witness to the effect that the testatrix had read it to herself is not sufficient to create the inference that there was failure to prove due execution of the paper as a will.

The appellants presented the evidence of Rosetta Hall, a sister of the testatrix, who recounted that testatrix had expressed physical fear of Childress. We will not detail the evidence, as much of it is somewhat sordid, but believe it is sufficient to warrant the inference that testatrix was under the dominion of Childress. This evidence from Rosetta Hall was corroborated by testimony from other unrelated persons who gave testimony reflecting that Childress had physically mistreated the testatrix; the evidence reflected that testatrix had expressed fear of Childress and that she had admonished some of her neighbors not to disclose to Childress that testatrix had loaned money to the witnesses, etc.

■ The trial court was of the view that the decision of this court in Mayhew v. Mayhew, Ky., 329 S.W.2d 72, precluded his letting this case go to the jury. It is to be noted that in the Mayhew opinion the following statement is made: "Nevertheless, Denver's testimony along this line [undue influence] is so obviously self-serving that it has little, if any, value as substantive proof." Without pausing to undertake a distinction between the nature of the evidence in Mayhew and the evidence here, we point out that the Mayhew opinion must not be understood as standing for the bald proposition that self-serving evidence *ipso facto* lacks probative value. We are not dealing with that phase of the law of evidence having to do with "self-serving declarations"—we are considering evidence which a party adduces that tends to benefit his side of the lawsuit. The matter of the probative value of the evidence is generally one for the jury, unless there are present other factors which destroy the probative value as a matter of law. In this case we are persuaded that the evidence offered for the contestants possessed sufficient probative value to make a jury issue on the matter of undue influence. There was credible evidence, which the jury could have accepted, tending to show the exercise by Childress upon testatrix of such character of undue influence as to invalidate the will. The five "usual" elements in undue influence cases as catalogued in Golladay v. Golladay, Ky., 287 S.W.2d 904, 906, are substantially presented for the appellants.

In view of this it was error to peremptorily instruct the jury to find the will valid.

█ Since the court did peremptorily instruct the jury to uphold the will before the contestees were afforded an opportunity to present evidence seeking to refute the evidence of contestants, we do not find merit in appellant's contention that we should order judgment n. o. v. invalidating the will.

The judgment is reversed with directions to grant appellants a new trial and for further proceedings consistent with the opinion.