Parker C. J.
drew up the opinion of the Court. As the declaration now stands, as amended, we do not think it bad on demurrer. Though no title passed by the deed made in the lifetime of the father, there being nothing then to grant,[1] yet the covenant to make further assurances may be valid, if made on good consideration, without any oppression or advantage taken of the heir expectant, and with the knowledge and consent of the father. In such case, there is no fraud upon him, no imposition upon the heir who covenants, and no injury to the public ; which are the grounds on which such contracts are set aside in chancery.
Here a full and adequate consideration was paid to the defendant, who was desirous of receiving the value of that portion of his father’s estate, which in the course of law would fall to him. With this, he goes abroad to enter upon business, with a money capital. The father, acquiescing in his wdshes, assents to the purchase made by two other sons, thinking this the best mode of providing for the immediate wants of the son who is to leave the paternal roof and seek his fortune else *499 where. There seems to be nothing against good policy in this ; and it is not opposed by any case that has been cited. On the contrary, it is clearly within the principles of the case of Boynton v. Hubbard, 7 Mass. R. 112; in which this subject was fully and ably considered. We deem the allegation of the knowledge of the father, and his consent to the transaction, essential to the validity of the declaration.
Our judgment is, that the declaration, as amended, is good, and that the defendant may be heard in chancery as to the damages, unless he wishes to contest the consent of the father, or would allege fraud or imposition in obtaining the contract ; in which case he may replead.[2]

 See Somes v. Skinner, 3 Pick. (2d ed.) 598, note.

 See 1 Story’s Comm, on Equity, 334 et seq , and cases cited in notes.