CASE 30—PETITION EQUITY—DECEMBER 30.

# Wheeler's executors vs. Wheeler.

APPEAL FROM BULLITT CIRCUIT COURT.

1. It is essential to the validity of every executed contract of bargain and sale that there should be a thing or subject-matter to be contracted for. And if it appear that the subject-matter of the contract was not and could not have been in *esse* at the time of such contract, the contract itself is of no effect, and may be disregarded by either party. The thing sold must have an actual or potential existence. A hope or expectation of means founded on a right in being, may be the subject of a sale, because in such case there is a potential existence. But a mere possibility or contingency, not founded upon a right or coupled with an interest, cannot be. (2 *Kent Com.*, 602; 2 *Blackstone Com.*, 297; 1 *Sheppard's Touchstone*, 56.) This principle was universal at common law, and, except so far as it may have been modified in special cases by legislative enactment, still prevails.

2. By a contract in writing executed in 1846, C. Y. W., for the consideration of $200 paid in hand, sold to W. A. W. "all of my individual interest of in and to the slaves of my father, J. C. W.," (naming them;) "also all my individual interest of all the personal property now in the possession of my said father." * * * "It is expressly understood the interest hereby sold to said W. A. W., is set out in the will of my said father *previously* made; and should my father change his will, this writing is to secure to said W. A. W. my interest, whatever it may be, in the above specified property, with its increase." The will of the father, dated in 1855, was admitted to probate in

1856. C. Y. W. sued the executors for the portion of the estate devised to him by the will. They set up the contract in defense. *Held*—That the contract is inoperative.

3. That the sale was made with the assent of. the father, did not divest him of any right to the property, and conferred none upon the son.

JAMES HARLAN, for appellants, cited 3 *Bouvier's Institutes, page* 266.

R. H. FIELD, for appellee, cited 1 *J. J. Mar.*, 25; 14 *Johnson,* 193; *Civil Code, sec.* 123; 2 *Blackstone Com.*, 296; 1 *Sheppard's Touchstone,* 55; 1 *Mar.*, 112; 17 *B. Mon.*, 645; *Drake vs. St. Magdalen Society, MS. opin. Oct.*, 1856; *Bodley's heirs vs. Morris, MS. opin. June,* 1857.

JUDGE STITES DELIVERED THE OPINION OF THE COURT:

This suit was brought by Charles Wheeler, one of the devisees of his deceased father, John C. Wheeler, to compel the executors of said decedent's will to distribute the estate and pay over to him one seventh part thereof.

The plaintiff exhibited the will, which was dated in August, 1855, and admitted to probate in April, 1856.

The executors answered in their fiducial character, and one of them as the statutory guardian of the infant children of William Wheeler, deceased, a brother of the plaintiff, and son of the testator.

They resisted the claim of the plaintiff to any part of the estate solely upon the ground that he had in March, 1846—ten years before the death of the testator—sold all his right, title, interest, or claim, which he had, held, or might have at his father's death, in or to his father's estate, to his said brother, William Wheeler, now deceased, and exhibited a copy of the bill of sale or deed evidencing the sale.

The instrument of writing exhibited is as follows:

"Know all men by these presents, that I, Charles Y. Wheeler, of Clarke county, State of Indiana, now in the county of Bullitt, State of Kentucky, have this day sold unto William A. Wheeler, of the county of Bullitt, all of my individual interest of in and to the slaves of my father, John C. Wheeler, of the county and State aforesaid, which slaves are named as follows, (naming them;) also all my individual interest of all

the personal property now in the possession of my said father, John C. Wheeler—said personal property consists of horses, cattle, sheep, and hogs, and their increase; farming utensils, wagons and gear, household and kitchen furniture—for and in consideration of the sum of two hundred dollars, good and lawful money, to me in hand paid, the receipt whereof is hereby acknowledged.

"It is expressly understood the interest hereby sold to said William Wheeler is set out in the will of my said father *previously* made; and should my father change his will, this writing is to secure to said William A. Wheeler my interest, whatever it may be, in the above specified property, with its increase.

"Witness my hand and seal, this 2d March, 1846.

"CHARLES Y. WHEELER, [L. S.]"

The defendants below denied that the plaintiff had any interest in his father's estate, but claimed that whatever interest he had passed to his brother William by the sale referred to, and now belonged to his brother's infants and heirs at law. They moreover alleged that the sale relied on had been made with the assent of the testator, and had been ratified by him in his lifetime.

A demurrer was filed to this answer and sustained, and an auditor directed to settle the accounts of the executors and plaintiff, allowing a credit to the latter for the two hundred dollars acknowledged to have been paid by Willian Wheeler to the plaintiff in 1846. The auditor made a settlement as directed, and reported a balance in favor of Charles Wheeler of $516 59, after allowing credit for the two hundred dollars and interest.

No exception was taken to this report, and a judgment was rendered against the executors for the balance, from which they have appealed.

The only question raised upon the appeal is as to the sufficiency of the answer; and upon that point we do not hesitate in concurring with the court below.

It is essential to the validity of every executed contract of bargain and sale that there should be a thing or subject-matter to be contracted for. And if it appear that the subject-matter

of the contract was not, and could not have been, in *esse* at the time of such contract, the contract itself is of no effect, and may be disregarded by either party. The thing sold must have an actual or potential existence. A hope or expectation of means founded on a right in being may be the subject of a sale, because in such case there is a potential existence. But a mere possibility or contingency, not founded upon a right or coupled with an interest, cannot be. (*Kent's Com.*, vol. 2, 602, *and authorities there cited; Blackstone's Com.*, vol. 2, 297 ; *Sheppard's Touchstone*, vol. 1, 56.)

This principle was universal at common law, and, except so far as it may have been modified in special cases by legislative enactment, still prevails.

So it has been said, that "if a son and heir bargains and sells the inheritance of his father, this is void, because he hath no right in himself." (*Coke upon Littleton*, 265 ; *Bacon's Abridgment*, vol. 2, *title Bargain and Sale, p.* 4.)

Here it is manifest that Charles Wheeler, when he made the sale in question, had neither right, title, nor interest in his father's estate—vendible or devisable; and for that reason the contract was inoperative, there being no consideration to uphold it, and no subject-matter to sell. William Wheeler could have disregarded it, and sued for the money paid at any time.

It contains no covenant of warranty that operates as an estoppel against the appellee ; and, in our opinion, it was properly disregarded by the chancellor as presenting no obstacle to Charles Wheeler's claim, further than to require him to account for the consideration he had received with interest.

The attempt to give validity to the contract by averring assent and concurrence on the part of the father, though plausible, is unavailing. Such assent did not divest him of any right to the property, and, of course, conferred none upon Charles. He still had the right to dispose of it as he pleased, without regard to Charles' wishes or contract.

Our opinion therefore is, that the judgment is right, and the same is *affirmed.*