JUDGE PETERS
delivered the opinion of toe court:
This action was brought by John Myers against Mrs; Henrietta Craig, to subject her alleged undivided interest in the real estate of her father, the late Philip McBee, to the satisfaction of a debt against her, which he had reduced to judgment.
*357 In her answer, Mrs. Craig disclaims any interest or right to any share in the estate of said decedent; and appellant, Walter McBee, claims to own her undivided interest in said real estate by virtue of a contract for the purchase of the same from her, in writing, bearing date 17th of March, 1862, which writing is filed as an exhibit, and which was executed with the consent, and in the presence of, the father of the parties to the contract or agreement, as is evidenced by a writing executed by him, as follows :
“ I, Philip McBee, having consented to the above sale, will, at my death, give as much land to Walter McBee, as the vendee of my daughter Henrietta, as to any of the balance of my children. March 19, 1862.”
After the institution of the action by Myers, Mrs. Craig conveyed her interest in said land to appellant, in execution of the contract between him and herself, her father having died intestate prior to the institution of the action aforesaid.
The circuit judge was of opinion that the sale and conveyance aforesaid from Mrs. Craig to appellant were void, adjudged the undivided one sixth of the land of which Philip McBee died seized, descended to his daughter, Mrs. Craig, and was subject to the payment of appellee’s debt; and from which Walter McBee has appealed.
The recited consideration for the sale is not denied nor controverted, and, besides, there is evidence of the payment- thereof; but, by the judgment of the court below, the interest sought to be sold by appellee for the satisfaction of his debt is ordered to be sold in disregard of the claim of appellant to have first refunded to him the consideration paid to Mrs. Craig by him for her interest.
In Wheeler vs. Wheeler (2 Met., 474), to which we have been referred by the learned counsel for appellee, it is *358 said : “It (referring to the contract) contains no covenant of warranty that operates as an estoppel against the appellee; and, in our opinion, it was properly disregarded by the chancellor, as presenting no obstacle to Charles Wheeler’s claim, further than to require him to account for the consideration he had received, with interest.”
If it be conceded that the contract relied upon by appellant was not enforceable, still, according to the principle recognized in the case cited, as equitable and just, appellant would be. entitled to the sum advanced to Mrs. Craig, with interest from the date of the payment until he was let into the possession, before appellee’s debt could be satisfied out of the proceeds; and for the payment thereof he would have a lien on the land prior and superior to that of appellee.
But it is insisted in support of the judgment, that the contract relied upon by appellant is of no effect and void, because the subject-matter of the contract at the time was not in esse, that it had neither an actual nor potential existence, but was a mere hope or contingency, founded upon no right and coupled with no interest, and, therefore, could not be the subject of a contract. This we recognize not only as the doctrine of the common law, but as being authoritatively settled by adjudications of this and other courts. Nor do we regard the principle settled in Lee’s executor vs. Lee, &c. (2 Duvall, 134), as at all in conflict with this doctrine. In this case, after the contract for the sale of his supposed intérest in his father’s estate by James Lee to his brother, Samuel Lee, the father bound himself by a writing, obligatory and enforceable in consideration of said contract between his sons, and in consideration that Samuel had paid to James the sum of four hundred dollars therefor, to secure to his’ son Samuel the *359 part of Ms estate wMch he had, by his will previously made, given to his son James, which was an equal share with his other children. This he covenanted to do by si codicil to his will. The father, by this writing, divested himself of the right to make any other disposition of the specified share in his estate than that stipulated for in the writing aforesaid; and there was then a right in being which could be properly the subject of a contract.
In Wheeler vs. Wheeler, supra, it is said that the father assented to the contract made by his sons, but did not divest himself of any right to the property, and conferred none upon the son who purchased; but retained the right to dispose of it as he pleased, without regard to his son’s wishes or contract. In the one case the father, by a mere verbal assent to the agreement, parted with no right of disposing of the whole of his estate as he pleased; in the other, the father divested himself OSH of that right as to the portion of his estate designated in the writing, by binding himself to secure it to the son named, which marks a broad and well-defined difference in the two cases.
The writing executed by appellant’s father to him, in relation to the sale of Mrs. Craig’s interest to him, is substantially the same as that executed by Samuel Lee, sr., to his son, in the case referred to supra, and the same legal effect must be given to it.
The disfavor which sales made by expectants has always received from courts grows out of the illusion and deceit imposed thereby on others not privy to the agreement; the father, ancestor, or relation from whom was the expectation of the estate, has been kept in the dark, the heir or expectant has been kept from disclosing his circumstances, and resorting to them for advice, which might have tended to his relief and reformation. (1 vol. Story Eq., s. 334.)
*360 Wherefore, the judgment in the consolidated cases of Myers vs. McBee, &c., and of McBee vs. Myers, &c., is reversed, and the cause remanded, with directions to dismiss the petition of Myers vs. McBee, with costs; and in the case of McBee vs. Myers, a judgment be rendered that the plaintiff be permitted to hold the land in controversy, without molestation from appellant, and for further proceedings not inconsistent with this opinion.