CASE 43—EQUITY—OCTOBER 2, 1883.

# Alves, &c., v. Schlesinger,

APPEAL FROM HENDERSON CIRCUIT COURT.

1. There is a manifest distinction between a sale by an heir or devisee to a purchaser, where the ancestor gives a mere verbal assent but parts with no right of disposing of his estate as he chooses, and a case where he divests himself of that right, as to a portion of his estate,

by a written covenant, by which he agrees to secure it to a child named therein.

2. The attempted transfer is void for the want of such covenant.

MERRITT & DUDLEY FOR APPELLANTS.

1. While it may be conceded that the sale of expectancies was void at common law, yet such sales, when fairly made for an adequate consideration, have always been enforced by courts of equity in England.

2. Even the naked possibility of an expectancy may become the subject of a contract of sale, and the contract will be enforced.

3. The decedent, Mrs. Alves, died without questioning the validity of the contract, and did not in any way dispose of the interest so conveyed, nor did she repudiate the conveyance.

*Sale of Expectancies—Estoppel.*—(Wheeler's ex'rs v. Wheeler, 2 Met., 477; Doe v. Oliver, Smith's Leading Cases, vol. 2, pp. 687, 691, 711; McKenzie v. City of Lexington, 4 Dana, 130; Dickerson v. Talbott, 14 B. M., 49; Beard v. Griggs, 1 J. J. M., 27; Hedges v. Kerr, 4 B. M., 528; Crawford v. Wood, &c., 6 Bush, 203.)

*Sale of Expectancies Enforced in Equity.*—(Earl of Chesterfield v. Sir Abraham Jansen (2 Ves., 125), reported in White & Tudor's Leading Cases in Equity, vol. 1, part 11, side p. 541; Story's Equity Jurisprudence, secs. 339 and 1040; Kerr on Fraud and Mistake, 223; Fitzgerald v. Vistal, 4 Sneed (Tenn.), 258; Nimmo v. Davis, 7 Tex., 26; Trull v. Eastman, 3 Met. (Mass.), 121; Fitch v. Fitch, 8 Pick., 480; Powers' Appeal, 63 Pa., 443; Leading Cases in Equity, vol. 1, p. 828; Leading Cases in Equity, vol. 11, part 11, pp. 1560 and 1606; Washburn on Real Property, vol. 3, p. 89; 2 Kent, page 652 (note); 4 Kent, p. 294; Pomeroy's Equity Jurisprudence, volume 1, secs. 168 and 369; Grayson v. Tyler's adm'r, October number Kentucky Law Journal, p. 163.)

*Equitable Liens.*—(Wheeler's ex'r v. Wheeler, 2 Met., 477; Lowery v. Spear, &c., 7 Bush, 452; 1 Met., 397; 7 Bush, 63.)

*Notice.*—(Righter v. Forrester, 1 Bush, 278; Lowe & Whitney v. Blincoe, 10 Bush, 335.)

YEAMAN & LOCKETT FOR APPELLEE.

1. In every case bearing upon the question that would be entitled to respect as authority, where a possibility or a contingency has been held to be assignable, it was coupled with an actual interest, one that might be defeated, but still an interest recognized by law. It is different from a mere hope of an inheritance.

·2. It is not even averred that the decedent, Mrs. Alves, in any manner recognized the contract or parted with her right to control the estate. (Parsons on Contracts, vol. 1, 437; Black. Com , book 2, 290; Coke, page 401; Carlton v. Leighton, 3 Meriv., 667; Pom. Eq., sec. 158;

Alves, &c., v. Schlesinger.

Spragg v. Binkes, 5 Vesey, sr., 584; Am. Dec., vol. 15, 574; Beard v. Griggs, 1 J. J. Mar., 26; Wheeler v. Wheeler, 2 Met., 475; Lee's ex'r v. Lee, 2 Duv., 134; McBee v. Myers, 4 Bush, 357.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

By the terms of a written contract, dated in 1878, Samuel J. Alves undertook, for a valuable consideration, to sell and convey to his sister, appellant, Augusta Posey, all the right, title, and interest he then had or might thereafter acquire by gift, devise, or descent from his mother, Mrs. Augusta Alves, in the land in controversy, and furthermore agreed to execute and deliver to Mrs. Posey all necessary and proper deeds to perfect the title to the land whenever it could be done, or his interest in the property might be determined.

When the attempted sale and conveyance was made by Samuel J. Alves to appellant, Mrs. Alves was alive, and held the fee-simple title to the land, and he then had no right or interest therein, legal or equitable, vested or contingent. In fact, what he sold and undertook, or agreed to convey, had neither actual or potential existence. And as the existence of the thing sold, or the subject-matter of the contract, is essential to the validity of a sale, of course the attempted sale to appellant in this instance did not prejudice appellee, who was a creditor, or prevent the levy and sale of the interest of Samuel J. Alves in the land after the death of Mrs. Alves, when, for the first time, it had an existence.

It is true it is alleged in the answer to which the general demurrer was sustained that appellant purchased the interest of her brother at the instance of Mrs. Alves. But it does not appear from the transaction, as stated, nor is it alleged in the answer, that she joined in the deed, or in any manner whatever divested herself of title to or control of the land or any part of it.

It has been held by this court, that in case of a sale of the interest of one expectant devisee or heir to another, the ancestor may, in writing executed and delivered, divest himself of the right to make any other disposition of the specified share of his estate than that stipulated for in the writing. (2 Duvall, 134; 4 Bush, 357.) But there is a well-defined distinction between a case like the present one, of a mere verbal assent to a sale, whereby the ancestor parts with no right of disposing of the whole of his estate as he pleases, and a case where he divests himself of that right as to a portion of the estate, designated in a writing signed by himself, in which he agrees to secure it to a child named therein.

The judgment of the court below is affirmed.