## Burton v. Campbell, et al.

(Decided June 22, 1917.)

### Appeal from Warren Circuit Court.

Deeds—Conveyance by Prospective Heir.—Where a prospective or expectant heir attempts to convey his supposed interest in his ancestor's estate, such deed is void, and the purchaser obtains no title or interest whatever in and to the property which he might subsequently inherit upon the death of the ancestor, although the latter may have agreed and consented to such conveyance in writing during his lifetime; and the title which the heir obtains by inheritance will not inure to the benefit of the purchaser or his heirs.

S. R. CREWSDON, O. M. SMITH, T. W. THOMAS and C. P. THOMAS for appellant.

W. B. GAINES for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant and plaintiff below, J. R. Burton, and his half-sister, the appellee, Mrs. Minnie Irwin, are the only heirs of Mrs. Margaret Lucy Virginia Miller, the latter dying intestate a resident of Warren county, in 1914. At the time of her death the mother resided upon a tract of land in Warren county consisting of 100 acres, which she had obtained by deed executed to her by Isaac Miller and wife on September 25, 1871. A part of the habendum clause in that deed is: "To the use of the party of the second part (Mrs. Miller) and her children forever."

This suit was filed by plaintiff against his half-sister, Mrs. Irwin (nee Miller) and the other appellees who are the heirs at law of G. W. Campbell, deceased. In his petition he alleged that he and his sister inherited the tract of land conveyed to their mother by the deed referred to from her, and he asked that it be divided between them. As against the other defendants, who are the heirs of G. W. Campbell, he charged that they claimed some kind of interest in the land, and he called upon them to answer and assert that claim, if they had any, and upon final hearing he prayed that their alleged interest be rejected as invalid.

The answer of the Campbell heirs set up the fact that on January 1, 1892, plaintiff and his wife executed

a deed to their ancestor, G. W. Campbell, by which, in consideration of a deed that day executed by Campbell and his wife conveying to plaintiff 70¾ acres of land in Warren county, he and his wife conveyed to Campbell "their entire interest, both personal and real, in the estate of their grandfather, John S. Campbell, deceased, and also their entire interest, both personal and real, in the estate which their mother, Lucy V. Miller, shall possess at the time of her death," and defendants, Campbell heirs, claimed to own plaintiff's interest in the tract of land involved as heirs of their father by virtue of that deed.

At the time G. W. Campbell received his deed from plaintiff in 1892, the latter's mother was then living, but the Campbell heirs contended that the deed conveying the land to Mrs. Miller, plaintiff's mother, she having married the second time, vested her with only a life estate with remainder to her children, and that plaintiff's deed to G. W. Campbell conveyed his remainder interest. A second insistence is that if they are mistaken in their construction of that deed, then plaintiff's interest in the land which he inherited from his mother at her death inured to their benefit through the operation of plaintiff's deed to their father.

Plaintiff, replying to those contentions, insisted that the deed executed to his mother vested her with a fee in the tract of land, and that the deed which he executed to G. W. Campbell was but an effort to convey a mere expectancy or possibility, and is illegal, void, and insufficient to convey any property which he inherited from his mother.

While the pleadings were thus being made up between the original parties to the suit, John D. Miller, surviving husband of Mrs. Miller, filed his intervening petition asking to be made a party to the suit, and that his pleading be taken as his answer in which he alleged facts entitling him to an estate by the curtesy in the tract of land, and making the same insistence as to the construction of the deed executed to his wife as is made by plaintiff.

During the progress of the cause the court rendered judgment construing the deed to Mrs. Miller as conveying to her only a life estate in the tract of land with remainder to her children. From that judgment plaintiff and John D. Miller, the husband, prosecuted an

appeal to this court, and the judgment was reversed on December 9, 1915 (Miller v. Campbell, 167 Ky. 252) and in the opinion we held that the deed executed to Mrs. Miller in 1871 vested her with a fee simple title to the land conveyed. Before that opinion was rendered, and on March 12, 1915, the trial court, following the interpretation which it had placed upon Mrs. Miller's deed, rendered judgment dismissing plaintiff's petition, and from that judgment he prosecutes this appeal.

The construction given by us on the former appeal to the deed executed to Mrs. Miller is conclusive upon this appeal. That being true, the only interest which plaintiff had in the land in controversy at the time he executed his deed to G. W. Campbell in 1892 was that of an heir apparent or expectant, which all the courts hold to be a mere expectancy. The subject matter of his conveyance so far as it attempted to include any property which he might inherit from his mother was a thing not *in esse* so far as he was concerned.

In some of the earlier opinions of this court it was held that where such an interest (expectancy) was attempted to be conveyed by the heir apparent with the written consent and agreement of the ancestor or testator from whom the expectancy is to be derived, the purchaser obtained an enforceable title. Lee's Ex'r v. Lee, &c., 2 Duvall, 134; McBee v. Meyers, 4 Bush 356; but those opinions appear to be rested more upon the obligation of the person from whom the expectancy flowed than from the right of the heir apparent to any present interest in the property which could be the subject matter of a valid conveyance. Even those decisions did not go to the extent of upholding such a contract not accompanied by the written consent or agreement of the ancestor, and the doctrine of them was virtually overruled in the more recent case of Elliott v. Leslie, 124 Ky. 533.

In that case one child executed to his father a deed whereby, in consideration of the payment to him by the father of the sum of $1,000.00 in settlement of a law suit pending between the two, the child agreed to release all of his interest in and to whatever right and title he might have in his father's estate at the latter's death. The other heirs sought to enforce that contract after the death of the father. Both parties signed the contract and it measured up fully to the facts found in the two

cases, *supra,* but this court denied its validity and refused to enforce it, basing its opinion upon many authorities referred to therein, including the cases from this court of McCall's Admr. v. Hampton, 98 Ky. 166; Alves v. Schlesinger, 81 Ky. 290, and Wheeler v. Wheeler, 2 Metcalfe 474. In the course of the opinion it is said:

"We are not disposed to give our assent to the doctrine, however ancient or general it may be, that is rested upon so unsubstantial a foundation as the one that upholds the right of an heir to traffic in something that has no existence and may never have."

Further along in the opinion, referring to the first two cases cited herein, the court says:

"The conclusions here announced may appear to be in conflict with the cases of Lee's Exr. v. Lee, and McBee v. Myers, but, if so, they are in harmony with the later and sounder utterances of this court as declared in Alves v. Schlesinger and McCall v. Hampton, as well as its judgment in Wheeler's Exrs. v. Wheeler (2d Met. 474). It seems to us that these latter cases materially modify, if they do not in fact overrule, the opinions upholding sales of expectancies when made with the consent of the parent. Indeed, these latter opinions cannot be reconciled with the earlier ones of this court. It is difficult to perceive any substantial difference between a sale of an expectancy without the written consent of the parent, and a sale with his consent. In neither case does the transaction rest upon any consideration, nor is it supported by an enforceable obligation."

The later cases from this court referred to in that opinion fully sustain it and in the still more recent cases of Spears v. Spaw, 118 S. W. 276, and Hall v. Hall, 153 Ky. 379, the same rule is adhered to. In the Spears case the court said:

"The rule is that it is essential to the legal validity of a contract that the thing sold have an actual or potential existence, and that a mere possibility or contingency not founded on a right or coupled with an interest cannot be the subject of a sale or assignment."

In the Hall case the final conclusion is that: "While there is some conflict in the authorities in other states, the rule has been so often declared in this state that it is now not open to question."

From these authorities it will be readily seen that whatever the rule may be in other jurisdictions, the law is well settled with us that an attempt to convey a mere expectancy is against our public policy and vests the supposed purchaser with nothing whatever.

It necessarily results that plaintiff, by his deed executed to G. W. Campbell in 1892, conveyed no interest to the latter in the tract of land in controversy. But it is insisted that under the doctrine announced by this court in the cases of Aldridge v. Kincaid, 2 Littell 390; Griffith v. Houston, &c., 7 J. J. Marshall 385, and Perkins v. Coleman, &c., 90 Ky. 611, the title to the tract of land which the plaintiff inherited from his mother upon her death *eo instante* inured to the benefit of defendants as heirs of G. W. Campbell through the operation of an estoppel brought about by plaintiff's deed to Campbell: but this doctrine applies only when there is an effort to convey a present interest and title to specific property and to vest the vendee with such present interest, and does not apply in cases like this where the thing attempted to be conveyed is a mere expectancy only. In the latter case there is no intention to vest the purchaser with any character of present title to the thing attempted to be conveyed, which, as we have seen, is not even *in esse,* and, therefore, not the subject of conveyance.

It will be found from an examination of decisions from this and other courts that the public policy inhibiting such contracts is founded upon the law's regard for the protection of the weak, the youthful and inexperienced. If they should be permitted to sell, convey or transfer their possible inheritances, they would be many times imposed upon by crafty and more experienced speculators taking advantage of that rule of conduct known especially to influence the actions of the youthful and less experienced that "a bird in the hand is worth two in the bush." Moreover, to give validity to such contracts would render a stranger to the ancestor or person from whom the expectancy is to be derived beneficially interested in the event of his death so that he might as soon as possible come into possession of the purchased interest of the prospective heir. Such purchaser would not be influenced by the ties of relationship in the continued life of the ancestor, and thus an opportunity would be afforded, unrestrained by such ties, to hasten

the vesting event, and for this reason it would be against public policy to offer such temptations. This principle of public policy is analogous to and is on a parallel with another well known one in the law forbidding one not interested in the preservation of the life of another from becoming the beneficiary in an insurance policy issued upon the latter's life.

We, therefore, conclude that the judgment appealed from is erroneous, and it is reversed, with directions to proceed in accordance with this opinion.