## Flatt v. Flatt, et al.

(Decided October 22, 1920.)

### Appeal from Hickman Circuit Court.

1. Deeds—Attempted Conveyance of Expectancy Void.—Where an heir apparent attempts to convey his expected interest in his ancestor's land, the deed is absolutely void, and the title which afterwards vests in the grantor on the death of the ancestor does not inure to the benefit of the grantee; nor is the grantor estopped by a covenant of general warranty in such deed from asserting the title which subsequently vests in him.

2. Deeds—Attempted Conveyance of Expectancy Void—Recovery of Purchase Price.—Where the grantee under such a deed takes possession of the land and in good faith improves same he is entitled upon restoration of the land to grantor to recover the purchase price paid to grantor with interest, plus improvements to the extent they have increased the vendible value of the land and the grantor is entitled to recover of him the reasonable rental value of the land.

3. Life Estates—Repairs and Improvements.—Improvements placed upon land by a life tenant or a purchaser from a life tenant can not be charged against the remaindermen, but one remainderman can recover for improvements placed upon the land by him during the lifetime of the life tenant, where he is in possession under void deeds from the other remaindermen and makes the improvements under the belief he owns the whole of the land.

JOHN E. KANE and R. B. FLATT for appellant.

J. M. BRUMMELL for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming in part and reversing in part on the direct appeal; and affirming on the cross appeal.

J. M. Flatt died in July, 1903, the owner and in possession of about 133 acres of land, which by will executed in January, 1900, he devised to his widow, Margaret Flatt, for life, with remainder in equal shares to his five living children and one grandson, the appellant, F. P. Flatt. A little more than a year before the death of J. M. Flatt, his son, John F. Flatt, and a daughter, Maggie Woodard, by separate deeds of general warranty, each sold and conveyed to their nephew, W. O. Flatt, an undivided one-sixth interest in J. M. Flatt's land, for which W. O. Flatt paid each $325.00.

In the deed from John F. Flatt, the interest conveyed is thus described: "The said land herein conveyed being

all the entire one-sixth undivided interest of the said John F. Flatt in all the real estate of his father, J. M. Flatt, owned by said J. M. Flatt at this time.''

The deed from Maggie Woodard contains substantially the same description of the one-sixth interest she conveyed.

In 1909 W. O. Flatt died intestate, and in the suit by his administrator to settle his estate, two parcels of the 133 acres, containing about 65 acres and representing the two interests conveyed to him by John F. Flatt and Maggie Woodard and another one-sixth conveyed to him by another son of J. M. Flatt, were sold by order of court. At that sale appellant, F. P. Flatt, became the purchaser at $2,459.00 and the 65 acres were conveyed to him by the master. In addition to the 65 acres (representing three-sixths) thus acquired, F. P. Flatt owned another sixth interest in the 133 acres devised to him by J. M. Flatt.

Shortly after the death of J. M. Flatt's widow, appellant and the owners of the remaining two-sixths in the 133 acres divided same and made deeds to each other for their respective parts thereof, to Jennie Gore 25 acres, to J. B. Harper 24 acres and to appellant about 84 acres including the 65 acres. Appellant sold 19 acres to one Carter, which left him approximately 65 acres. He remained in possession of this 65 acres, cultivating and claiming it as his own from the latter part of 1912 until this action was instituted in 1918 against him and the other devisees of J. M. Flatt and their assigns, by appellees, John F. Flatt and Maggie Woodard, for partition of the whole 133 acres, and for rents for the years 1913 to 1917 inclusive. In their petitions appellees did not seek to disturb the deeds to Gore, Harper and Carter or ask judgment against them for rents, but sought to have their interests in the 133 acres allotted to them out of the remaining 65 acres held by appellant and to recover of him rents for same.

Appellant set up and relied upon his deeds through W. O. Flatt from appellees both as title and as estoppels against them. Failing in these pleas he asked by way of counterclaim against appellees judgment for the $325.00 with interest which W. O. Flatt had paid each of them for their interests in the land and for improvements to the extent same had increased the vendible value of their interests in the land.

Proof was taken upon these issues and upon a submission the chancellor adjudged appellees the owners of

a one-sixth interest each in the 133 acres and through commissioners allotted same to them out of the 65 acres conveyed to appellant by Gore and others in the mutual division made after the death of Mrs. J. M. Flatt. Appellees' claims for rents were set off against appellant's claim for the $325.00 and interest paid appellees by W. O. Flatt; and appellant's claim for improvements was disallowed.

Appellant's main contentions upon this appeal are that the court erred in denying his claim of title under the deeds from appellees to W. O. Flatt and his claim of estoppel based upon their covenants of general warranty contained therein.

Although some courts hold otherwise, this court has uniformly held in many cases that a sale of a mere expectancy in land is against public policy and that a deed therefor is absolutely void and ineffective both as a conveyance and as an estoppel against the grantor, even though it contains covenants of general warranty.

In the very recent case of Burton v. Campbell, et al., 176 Ky. 495, 195 S. W. 1091, these views were reaffirmed upon a careful review of the authorities, and every argument now advanced by appellant in support of a contrary view was held to be unsound. It is not now necessary therefore to repeat here the reasons and authorities which we think amply sustain our position upon these two questions despite authorities from other jurisdictions to the contrary.

It is also insisted by counsel for appellant that the interests conveyed by appellees to W. O. Flatt were present interests and not mere expectancies, but the deeds show on their faces in the portions quoted above that neither of grantors had any interest whatever in the land when the deeds were made. It then belonged to their father who was alive and in full possession thereof together with sole right to dispose of same.

It results therefore that the court did not err in denying appellant's pleas of title and estoppel and in adjudging appellees the owners of an undivided one-sixth interest each in the land.

Appellant's next contention is that the court erred in rejecting his claim for improvements and in the amount of rent charged against him; and appellees upon their cross appeal complain of the allowance to appellant as a set off against rents, the $325.00 paid to appellees by W. O. Flatt, with interest.

The proof establishes as we think quite clearly that the yearly rental value of the land did not exceed $4.00 per acre, upon which basis there was due each appellee about $85.00 a year or $425.00 for the five years for which they sued.

Appellant, if entitled to recover the $325.00 he paid through W. O. Flatt to each of appellees for the land, was entitled to interest on the amount as he was required to pay rent for the land, and the court erred in offsetting the one against the other since the $325.00 with interest for nearly 17 years amounted to about $650.00 while the rent amounted to only $425.00.

It is insisted for appellees however that appellant is not entitled to recover of them the amounts paid to them for the land by W. O. Flatt. To sustain this contention it is urged that the rule of *caveat emptor* applies to the decretal sale by which appellant acquired W. O. Flatt's title to the land, that he did not have to buy at that sale and was therefore a mere volunteer and not entitled to be subrogated to the rights of W. O. Flatt, if any he had or has, against them. Admitting that the rule of *caveat emptor* applies to the decretal sale; that appellant was a volunteer at that sale and that one who is a mere volunteer may not usually invoke the rule of subrogation, we are nevertheless constrained to apply to the facts of this case the more comprehensive rule of equity that he who seeks equity must do equity. Appellant paid to the estate of W. O. Flatt for each of appellees' interests in the land the sum of $819.67 of which his heirs and creditors got the benefit and neither they nor any one else may claim restitution of appellees therefor. Even appellant who paid same can not be subrogated to any right to do so, nor has he asserted any such right. He is asking only that appellees repay to him the sum they received for this land upon faith of the validity of the deeds and their warranties which they now repudiate in his hands and thereby take from him the land he in good faith bought from their grantee. To this much at least he is entitled in all good conscience and under every rule and principle of equity.

He is also entitled to improvements placed by him or W. O. Flatt on the land to the extent they have increased the vendible value of same. But he is not of course entitled to recover for any improvements placed upon the land by or for the life tenant during her tenancy, and it was upon the chancellor's assumption that because the

improvements were placed upon the land by appellant and W. O. Flatt during the lifetime of the life tenant, appellant was not entitled to credit therefor. In this assumption we think the court erred for the simple reason that the proof shows that W. O. Flatt at and before his death had possession of the 65 acres under some arrangement with the life tenant and under his deeds from appellees and one other remainderman; that he was claiming same as his own believing he owned it absolutely; that F. P. Flatt at the decretal sale did not purchase remainder interests or life interests but the land itself; that he believed he owned it, claimed and improved it as his own in good faith; and that all of this was done by W. O. Flatt and appellant with the knowledge and acquiescence not only of the life tenant but of appellees as well. At the decretal sale appellant did in fact acquire an absolute title to one-third but a defective title as to the remaining two-thirds of the 65 acres because of the invalidity of appellees' deeds and the fact they were not parties to that action. The improvements were not therefore placed upon the lands by appellant and W. O. Flatt as life tenants or for the life tenant, but for themselves under the honest but mistaken belief they owned the land absolutely.

Under almost exactly the same conditions allowance for improvements placed upon land by a remainderman during the lifetime of the life tenant was ordered in Ratterman v. Apperson, Exor., 141 Ky. 821, to one who under less reasonable circumstances in good faith believed he owned all when in fact he only owned a one-third remainder interest. If one remainderman who through no fault of other remaindermen makes improvements on land he in good faith believes he owns during the lifetime of the life tenant is entitled to recover therefor, as was held in Ratterman v. Apperson, *supra,* how much more justly may such allowance be made to one whose belief of ownership is induced by the other remaindermen and upon valuable consideration paid to them?

Fully recognizing the rule that improvements made by a life tenant or a purchaser from the life tenant can not sustain a claim against the remainderman, as was also done in the Ratterman-Apperson case, we are likewise of the opinion that this case rests upon different principles; and that the restitution to appellees of their interests in the land against their vendee by void deeds,

should be adjudged upon the same equitable grounds that a cancellation would be awarded. This demands that both parties to the illegal but not fraudulent transaction upon repudiation by one shall be restored to their former positions as nearly as may be and that neither party may profit at the expense of the other, who acted in perfect good faith, because of a mutual mistake.

The improvements placed upon the 65 acres by appellant and W. O. Flatt, consisting of a house, barn, fencing and improvement of the productivity of the soil, are shown by the proof to have increased its vendible value by at least $1,800.00, but in the division made by the court this was extended to the entire 133 acres and appellees received the benefit of but one-sixth thereof each or $300.00.

From which it results the court upon the accounting should have charged appellant with $425.00 for rents due each appellee, and charged each of them with $325.00 purchase money and interest amounting to $650.00; and for improvements $300.00, leaving a net amount due appellant from each appellee of $525.00 as of date January 9, 1918, when the suit was filed, for which amounts appellant should have been given judgment against each appellee with a lien to secure same upon the interest of each appellee in the land.

Wherefore the judgment is affirmed on the cross appeal; and upon the direct appeal is affirmed as to the division made of the land, but reversed upon the accounting with directions to enter thereon a judgment in accordance with this opinion.