FARMERS' LOAN AND TRUST COMPANY *v*. WOOD.

[No. 11,379. Filed April 5, 1922.]

1. ASSIGNMENTS.—*Conveyance of Expectancy.—Validity.—Assent of Ancestor.*—A contract to convey all property which the grantor should obtain thereafter by descent or devise is a conveyance of a mere expectancy, which is against public policy, and hence inoperative, unless the ancestor through whom the expectancy may be derived consents to the conveyance. p. 150.

Farmers', etc., Trust Co. *v.* Wood—78 Ind. App. 147.

2. ASSIGNMENTS.—*Conveyance of Expectancy.—Validity.—Assent of Ancestor.*—A contract for the conveyance of an expectancy is not enforceable merely because the ancestor through whom the expectancy may be derived knows of the existence of the contract, or knowing of it fails to object, but positive assent, duly expressed, is essential. p. 151.

3. ASSIGNMENTS.—*Conveyance of Expectancy. — Validity. — Knowledge of Ancestor.—Failure to Object.*—Where a testator had knowledge of a conveyance by a devisee of property then owned by the devisee and also of his expectancy, the ancestor will be presumed to have known that the conveyance as to the expectancy was invalid without his express assent, so that he was not called upon to object to the conveyance, and his failure to do so cannot be construed as an implied assent thereto. p. 151.

From Decatur Circuit Court; *John W. Craig,* Judge.

Action by Ernest C. Wood against the Farmers' Loan and Trust Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Gifford & Gifford* and *Goddard & Hite,* for appellant.

*Overson & Manning, B. C. Moon* and *Wickens, Osborn & Hamilton,* for appellee.

BATMAN, P. J.—Benjamin Gosnell died, leaving a will by which he directed that John B. Finley, as a trustee, should sell the real and personal property belonging to his estate, and distribute the net proceeds derived therefrom among his four daughters. One of his said daughters, Louisa Wood, departed this life before the death of her father, leaving surviving her three children of whom appellee is one. When said trustee was ready to make a distribution of the funds in his hands, in pursuance of the terms of the will of said testator, appellee filed a petition in the proper court asking that one-twelfth of said fund be paid to him. It was alleged therein, that appellant was claiming some interest in the petitioner's share thereof, and was asking that the same be turned over to it, but that such claim was without merit. By the consent of the parties said trustee paid to the clerk of the court the amount involved in this con-

troversy, to wit:   $2,732.13, to be held by such officer until further orders.   Appellant filed an answer in which it is alleged in substance, among other things, that after the death of appellee's mother, and prior to the death of his grandfather, the testator named above, appellee and his wife executed to appellant a deed, which, omitting the signatures, is as follows:

> "This indenture witnesseth, That Ernest C. Wood and Bettie H. Wood, his wife, each over the age of twenty-one years of the county of Howard and state of Indiana, in consideration of one dollar ($1.00) convey and quitclaim to the Farmer's Loan & Trust Company of the county of Tipton and state of Indiana, as trustee and as trustee under the terms hereinafter stated the following property towit:   (Here follows description of certain real estate)   Also all the personal property now held by the said Ernest C. Wood.   Also said trustee to take any and all property that may hereafter come to said Ernest C. Wood by descent or devise and hold the same under the terms and provisions of this deed.   *   *   *"

It is further alleged, "That said decedent, Benjamin Gosnell, was fully advised that said deed had been made and the purpose of and intent thereof more than a year before his death, and that he made no objection or protest to said arrangement;" that said Benjamin Gosnell, with full knowledge "that said deed or instrument of writing aforesaid had been made, the purpose, use and intent thereof, for more than a year before his death, made no objection or protest to said assignment of the prospective interest of the said Ernest C. Wood in his estate by devise or by inheritance;" and that appellant had accepted the trust under said deed, and has been and is now administering the same.   The court sustained a demurrer to this answer, and, appellant refusing to plead over, judgment was rendered against it. This appeal followed.

The only alleged error presented by this appeal is based on the action of the court in sustaining a demurrer to appellant's answer. As pertinent to the question presented, it should be noted that the answer shows that in so far as the deed in question relates to the money involved in this action, appellee was attempting to assign or convey a mere expectancy. It is settled law in this state, and so recognized by text writers, that such a contract is against public policy, and hence inoperative, unless the ancestor through whom such expectancy may be derived, assents to the same. 2 R. C. L. 608; 5 C. J. 861. This rule was first declared in this state by the Supreme Court in two appeals in the case of *McClure* v. *Raben* (1890), 125 Ind. 139, 25 N. E. 179, 9 L. R. A. 477, and *Id.* (1892), 133 Ind. 507, 33 N. E. 275, 36 Am. St. 558. The same court in the later case of *McAdams* v. *Bailey* (1907), 169 Ind. 518, 82 N. E. 1057 (124 Am. St. 240, 13 L. R. A. [N. S.] 1003), in referring to the decision in the above case said on page 526: "The composite of the decisions in said case is that such conveyances are regarded with disfavor, and that the burden is on the grantee to repel an inference of fraud by showing a fair transaction in which a full consideration was paid, *and that the consent of the ancestor was obtained.*" (Our italics.) And again, in the more recent decision in the case of *Hight* v. *Carr* (1916), 185 Ind. 39, 112 N. E. 881, the court said: "It was further held in the case' of *McClure* v. *Raben, supra*: * * * (2) That 'it must be made to appear, * * * that the *ancestor* holding the estate should be informed of such contract, and should give his or her *assent* to the same.' * * * Under the rules thus announced it is clear that the second paragraph of answer is insufficient, at least for its failure to show *consent* on the part of the *ancestor,* and the demurrer thereto should have been sustained." (Our italics.) It

thus appears that contracts like the one under

2.   consideration, governed by the laws of this state,
are not enforceable, merely because the ancestor
has knowledge of its existence, or having such knowledge fails to object, but positive assent, duly expressed,
is an essential.   While the decisions in other states are
not uniform in this regard, this state does not stand
alone, as appears from the following:   *Stevens* v. *Stevens* (1914), 181 Mich. 438, 148 N. W. 225, Ann. Cas.
1916E 1259; *Fitch* v. *Fitch* (1829), 25 Mass. (8 Pick.)
480; *Jenkins* v. *Stetson* (1864), 91 Mass. (9 Allen)
128; *McCall's Admr.* v. *Hampton* (1895), 98 Ky. 166, 32
S. W. 406, 33 L. R. A. 266, 56 Am. St. 355; *Elliott* v.
*Leslie* (1907), 124 Ky. 553, 99 S. W. 619, 124 Am. St.
418; *Alves* v. *Schlesinger* (1883), 81 Ky. 290; *Poor* v.
*Hazelton* (1844), 15 N. H. 564.

It will be observed that the answer under consideration does not allege that appellee's ancestor assented to
the execution of the deed in question.   There ap-

3.   pears to have been a design in the mind of the
pleader to avoid making such an allegation, as
evidenced by the fact that it is twice alleged, in substance, that appellee's ancestor had knowledge of the
execution of the deed and the purpose intended to be
accomplished thereby, but made no objection to the
same, without averring assent thereto on his part.   The
facts alleged do not warrant an implication of assent,
as the deed describes property then owned by appellee,
and as to such property it was valid.   If appellee's ancestor knew of the execution of the deed, as it is alleged
he did, he will be presumed to have known that fact,
and also to have known that it was invalid as to any
expectancy from his estate without his assent, which
he had not given.   Under these circumstances he was
not called upon to make any objection to the execution
of the deed, and in fact would have been without any

legal right so to do.  The rule announced by the Supreme Court in the case of *McClure* v. *Raben, supra,* and subsequently approved in the two cases cited above, does not recognize knowledge on the part of the ancestor, and his failure to object, to be equivalent to assent, and we do not believe the rule should be so extended, in view of the disfavor in which such contracts are held by courts generally, based on the evil results which so frequently flow from such transactions.

In reaching a conclusion in this matter, we have not been unmindful of the allegations contained in the answer, which we have not deemed necessary to set out, with reference to the circumstances under which the deed in question was executed, or of the purpose intended to be accomplished thereby.  Nor have we been unmindful of the provisions of the deed, which we have likewise deemed unnecessary to set out, with reference to the management of the property conveyed thereby, and the disposition of the proceeds to be derived therefrom.  But it must be obvious, that if anything necessary to the validity of the deed was omitted in its execution, it could not be rendered effective because the circumstances under which it was executed seemed to call for some such action, and the purpose to be accomplished thereby was commendable.  Nor would it be rendered effective because prudence, rather than poor judgment, was manifested in the provisions with reference to the management of the property conveyed, or the disposition of the proceeds to be derived therefrom. Judgment affirmed.