**INLAND STEEL COMPANY et al.,**
Appellants,

v.

Richard ISAACS et al., Appellees.

Court of Appeals of Kentucky.

March 9, 1956.

J. Woodford Howard, Howard & Francis, Prestonsburg, for appellants.

Clark Pratt, Cordell Martin, Hindman, Napier & Napier, Hazard, for appellees.

CAMMACK, Judge.

This action was instituted by the appellees to quiet title to the minerals underlying certain lands situated in Knott County, and to collect from the appellants (principally Inland Steel Company) damages resulting from their mining of coal under the lands in question.

It is undisputed that of the numerous appellees only Richard Isaacs is actually claiming the property. He claims as a grantee under a 1919 deed from W. B. Mullins and his wife, Nancy Mullins. While the grantor did not reserve the minerals in that deed, it was shown that the consideration for the deed was $650, and there was some evidence that the sum represented the fair market value, at the time of the conveyance, of only the surface. The deed purported to convey the same land which had been conveyed by the Commonwealth to William V. and W. B. Mullins under an 1882 patent. Isaacs also claims the land by adverse possession.

The appellants claim the minerals, which underlie only a portion of the lands claimed by Isaacs, as lessees of the Elk Horn Coal Corporation, a remote successor in interest to the grantee under a 1903 mineral deed covering 42.15 acres of the land in question. The grantors of that general warranty deed were Hiram Isaacs, J. C. Mullins and his wife, Sarah, and W. B. Mullins and his

wife, Nancy. The two last named persons are the same ones who, in 1919, purported to convey the land in question to Richard Isaacs.

At the time the 1903 deed was executed, J. C. Mullins had no interest in the minerals conveyed. His father, Alexander Mullins, was still alive and he had inherited, as the sole heir at law, the share of his deceased son, William V. Mullins, the original co-grantee from the Commonwealth. There was some evidence, which was far from conclusive, that Hiram Isaacs had acquired the interest of William V. Mullins. But in any event J. C. Mullins owned no interest in the minerals when he signed the 1903 mineral deed giving covenants of general warranty.

The trial judge concluded that the appellants owned a three-fourths undivided interest in the minerals. His conclusion was based upon the one-half interest which W. B. Mullins owned at the time he signed the 1903 mineral deed, and the one-fourth interest which he inherited later from his father, Alexander Mullins. The judge reasoned that, since the deed contained covenants of general warranty, W. B. Mullins' after-acquired interest in the property inured to the benefit of his grantee, under the doctrine of estoppel by deed. However, he concluded that the one-fourth interest which J. C. Mullins inherited upon Alexander's subsequent death would not inure to the benefit of the grantee, since it was an attempted conveyance of an expectancy and therefore came within a well-recognized exception to the doctrine of estoppel by deed, hereinafter discussed. He concluded further that Richard Isaacs had established title to that one-fourth undivided interest by adverse possession.

The appellants seek to reverse the judgment insofar as it grants a one-fourth interest in the minerals in dispute to Richard Isaacs. The appellees have cross-appealed from the portion of the judgment adverse to them.

■ We are convinced that the trial judge was correct in holding that the appellants are entitled to the one-half interest which W. B. Mullins owned when he signed the 1903 deed, and the one-fourth interest which he acquired subsequently. The doctrine of estoppel by deed operated to vest in his grantee the one-fourth interest which he acquired later by inheritance. See Rose v. Bryant, Ky., 251 S.W.2d 860; Smith v. Combs, 303 Ky. 295, 197 S.W.2d 430.

■ As to the one-fourth interest after-acquired by J. C. Mullins, we think the trial judge erroneously treated it as an attempted conveyance of an expectancy. While it may be that, in some respects, the ultimate effect of the transaction, insofar as J. C. Mullins was concerned, was a conveyance of an expectancy, generally speaking the terms of the instrument itself are determinative of the nature and extent of the conveyance.

■ The mineral deed stated that the grantors (including J. C. Mullins) were "seized of the said land, rights and privileges in fee simple, and have good right to convey the same"; that the grantors, "their heirs, representatives or assigns, will execute or procure any further necessary assurances of the title to said property rights and privileges"; and that the grantors " * * * will forever warrant generally the title to said property, rights and privileges." Hence, it is clear that J. C. Mullins purported to convey an interest which he presently owned, rather than a mere expectancy of inheritance. In this respect, the cases of Gardner v. Pace, 11 S.W. 779, 11 Ky.Law Rep. 216, Burton v. Campbell, 176 Ky. 495, 195 S.W. 1091, and Harkins v. Hatfield, 221 Ky. 91, 297 S.W. 1109, relied upon by the appellees, differ materially from the case at bar, since each of those cases involved an attempted conveyance of an expectancy.

■■ Even if the view were taken that J. C. Mullins was purporting to convey his expectancy, we think the record fails to support the finding that Richard Isaacs had acquired title to that one-fourth undivided interest by adverse possession. The evidence pertaining to that claim revealed possession only of the surface. We have

held consistently that after a severance of the minerals from the surface any adverse possession of the surface will be deemed to be a holding in trust for the mineral owner unless the trust is openly repudiated by the adverse holder. See KRS 381.430; Allen v. Allen, Ky., 265 S.W. 2d 790; Smith v. Graf, 259 Ky. 456, 82 S.W.2d 461; Piney Oil & Gas Co. v. Scott, 258 Ky. 51, 79 S.W.2d 394.

The judgment is affirmed in part and reversed in part on the appeal, and is affirmed on the cross-appeal, with directions for the entry of a judgment consistent with this opinion.